ADLER *v.* M. & C. C. OF BALTIMORE, ᴇᴛ ᴀʟ.

[No. 224, September Term, 1965.]

*Decided April 27, 1966.*

The cause was argued before HORNEY, MARBURY, OPPEN-HEIMER, BARNES and McWILLIAMS, JJ.

*A. Paul Connor* for appellant.

*Simon Schonfield, Assistant City Solicitor,* with whom were *Joseph Allen, City Solicitor,* and *Ambrose T. Hartman, Deputy City Solicitor* on the brief, for Mayor and City Council of Baltimore, one of appellees; and *Edward Azrael,* with whom were *Azrael & Gann* on the brief, for Harold A. Cornblatt, et al., other appellees.

BARNES, J., delivered the opinion of the Court.

This zoning case involves the property 4013 and 4015 Labyrinth Road (the subject property) in Baltimore City. The subject property is improved by two brick dwelling houses, separated by a common wall, usually referred to as "semi-detached" houses. These dwelling houses are the last two houses in the 4000 block of Labyrinth Road, a quiet residential street. The

houses in the 4000 block as well as those in the 3900 block of Labyrinth Road were erected in about the year 1946 or 1947. All of the houses front on Labyrinth Road. All of the houses in the 4000 and 3900 block of Labyrinth Road, including, of course, the subject property, are and have been in a residential use district since the passage of Ordinance of the Mayor and City Council of Baltimore (the City), No. 61, approved October 29, 1947.

The appellant, Barry M. Adler (owner or applicant) owns the subject property. He has permitted the use of the basement of the property 4013 Labyrinth Road for either one and one-half or two and one-half years, as a real estate office. Recently he purchased the property 4015 Labyrinth Road, and broke through the wall from 4013 to 4015 Labyrinth Road. After a complaint that the subject property was being used for an office or business use contrary to the provisions of Ordinance No. 711 of the City, approved May 21, 1957, as amended (the Zoning Ordinance), the Building Inspection Engineer gave the owner notice of the violation and the owner on November 9, 1964 filed an application with the Building Inspection Engineer, as the Zoning Commissioner, to continue to use the basement of the subject property as a real estate office. The Zoning Commissioner disapproved the application as showing a violation of Sections 9 and 10 of the Zoning Ordinance. The applicant duly appealed to the Board of Municipal and Zoning Appeals (the Board) and the hearing for that appeal was set for January 5, 1965. It is clear that there was no non-conforming business use under Section 13C of the Zoning Ordinance.

At the hearing before the Board, John E. Heath (now deceased), the then counsel for the applicant, declined to submit any evidence on behalf of the applicant, although the Chairman and other members of the Board pointed out to him that the applicant had the burden of establishing a variance or special exception. The Board rendered a decision on January 7, 1965 which indicated, in part, the following:

"Under the provisions of Section 9 and 10 of the Zoning Ordinance, a business and a business office are uses excluded from the Residential Use District. Un-

der the provisions of Section 13C, if a non-conforming use is established it may be continued. * * *

"The appellant did not appear at the public hearing so there was no evidence before the Board that would warrant or justify the use of the premises for any use other than for residential purposes.

"In accordance with the above facts and findings, the Board disapproves the application."

The applicant, on January 18, 1965 filed a petition in the Baltimore City Court for a restraining order *pendente lite* and Judge Cullen passed an order restraining the Zoning Commissioner and Enforcement Officer "from interfering with the petitioner * * * in any appeals he may wish to take from the decisions of the Zoning Commissioner" or the Board. This order was apparently interpreted by the Zoning Commissioner as an order restraining him from taking action to require the discontinuance of the business use pending the appeal. On February 4, 1965, the applicant filed his petition for appeal in which the *Board only* was designated as a party defendant, and *not the City*. On February 24, 1965, the Baltimore City Court granted leave to Robert Blaustein, Dr. Harold A. Cornblatt and Mrs. Estelle Raffel, owners of properties in the 4000 block of Labyrinth Road (the intervenors) to intervene as parties defendant. Also on February 24, the intervenors filed a demurrer to the petition for appeal on the ground that the applicant had failed to file an "Order of Appeal" as provided in Rule B-2 of the Maryland Rules of Procedure and that the Board was not a proper party defendant and was improperly a party defendant. The Board, on March 16, filed a demurrer on the same grounds. Both the intervenors and the Board also filed answers reserving their rights on the demurrers.

The case came on for hearing before Judge Cullen in the Baltimore City Court on March 18. At that time the applicant moved to amend his petition by making the City a party defendant in the title of the case and also filed an application to change the time for appeal "to not more than sixty (60) days from this 18th day of March, 1965." Judge Cullen reserved his rulings on the motion to amend and the application to change the time for appeal and at the conclusion of the hearing denied

the motion and the application, sustained the demurrers and dismissed the applicant's appeal. The appeal to this Court followed.

Without any order of Court, the appellant designated the City as a party appellee. Both the City and the intervenors move to dismiss the appeal in this case for the reasons that there is no proper party appellee and that the appellant has failed to comply with Section b of Rule 828 of the Maryland Rules of Procedure by including in the record extract matters extraneous to and not a part of the record. As we have concluded that the motion to dismiss the appeal should be granted on the first ground, we do not reach the second ground alleged in the motion to dismiss.

Our predecessors in 1938 in the case of *Board of Zoning Appeals v. McKinney*, 174 Md. 551, 199 Atl. 540, 117 A.L.R. 207, held that the Board was not a proper party to an appeal from its decision and dismissed the appeal brought by the Board in that case. Judge Offutt, for the Court, stated in regard to the Board:

> "It has no executive duties, it formulates no policies, its function is merely to find facts, to apply to those facts rules of law prescribed by the Legislature, and to announce the result. It has no interest, personal or official, in the matters which come before it other than to decide them according to the law and the proved fact, *and it is in no sense a party to such proceedings.*" (Emphasis supplied.) (Pages 560-561 of 174 Md.; page 544 of 199 Atl.)

This Court followed *McKinney* in *Knox v. Mayor and City Council of Baltimore,* 180 Md. 88, 97, 23 A. 2d 15, 19 (1941) and ruled that the Baltimore City Court was correct in dismissing the appeal as to the Board. *McKinney* was also cited with approval in *Nuova Realty Co. v. Mayor and City Council of Baltimore,* 197 Md. 266, 272, 78 A. 2d 765, 768 (1951).

It is clear to us that Judge Cullen did not abuse his discretion in declining to grant the applicant's motion to amend. Maryland Rule B4a requires that the appeal from the Board be filed within 30 days from the action appealed from,

and this time had expired substantially before the filing of the motion to amend. Maryland Rule B4c requires that an application to extend the time for filing an appeal be "filed within the time required by this Rule for filing of an order of appeal." The application to extend the time was not filed during, but substantially after, the 30 day period had expired.

We may observe that the Board acted properly in denying the application in this case. As the uncontradicted evidence before it clearly established the existence of a use prohibited by the Zoning Ordinance in a residential use district—see *Keseling v. Mayor and City Council of Baltimore,* 220 Md. 263, 270, 151 A. 2d 726, 729 (1959)—and that there was no nonconforming use, the applicant had the burden of producing evidence which might lead the Board to grant him a variance under the provisions of the Zoning Ordinance. The applicant, however, declined to produce *any evidence* so that there was no evidence before the Board which could possibly have justified it in granting such relief. The Board's action in denying the application was clearly correct.

> *Appeal dismissed, the costs to be paid by the appellant.*