REDDEN ET AL. *v.* MONTGOMERY COUNTY, MARYLAND ET AL.

[No. 349, September Term, 1971.]

*Decided May 17, 1972.*

The cause was argued before HAMMOND, C. J., and BARNES, FINAN, SINGLEY and SMITH, JJ.

*William S. Green* for appellants.

*C. Edward Nicholson* and *Richard M. Millman,* with whom was *Harvey B. Bolton, Jr.,* on the brief, for National Council of Senior Citizens et al., part of appellees; no brief filed on behalf of other appellee.

HAMMOND, C. J., delivered the opinion of the Court.

The appellants, Isabelle Redden and some sixty-five other residents of the Cabin John area of Montgomery County, appeared before the County Board of Appeals in case No. 2945 to protest the granting of a special exception requested by the National Council of Senior Citizens, Inc., and the Cabin John Associates to permit the construction and operation of an eleemosynary philanthropic institution to house the elderly or handicapped on a twelve-acre tract (made up of parts of tracts called "Bite the Biter," "Reid's Delight" and "Halifax") on the south side of MacArthur Boulevard near 78th Street. By a vote of three to two, the Board granted the special exception and the protestants filed a timely appeal in the Circuit Court for Montgomery County in which the caption listed the Board as the only appellee. The National Council of Senior Citizens, Inc. intervened and moved to dismiss the appeal on the grounds that the Board was not a proper appellee and consequently there was a total lack of a necessary party, relying principally on this Court's decision in *Adler v. Mayor & City Council,* 242 Md. 329. By order filed December 3, 1971 Judge Walter H. Moorman granted the motion to dismiss on the strength of *Adler, Bd. of Zoning Appeals v. McKinney,* 174 Md. 551, and Md. Rule 323 a (8) ("Motion

Raising Preliminary Objection" for lack of necessary parties).

The *Adler* case was decided on the premise that the Rules made an administrative appeal a traditional adversary proceeding. Following the *Adler* decision, the applicable Rules were amended to change the adversary concept to an identification concept. As amended, Rule B2 a reads:

"An appeal hereunder [from an 'administrative agency'] shall be taken by filing with the clerk of the proper court an order for appeal. Such an order shall be sufficient if the case is titled and captioned therein in the same manner as before the administrative agency from whose order the appeal is taken."

Rule B2 c requires that prior to filing an order for appeal the appellant shall serve a copy on the agency. The next sub-paragraph requires the agency to give written notice of the filing of the appeal "to every party to the proceeding before it."

The editor's note to Rule B2 reads:

"The object of the addition of the last sentence in Rule B2 a is to eliminate the pitfall illustrated in Adler v. Mayor & City Council, 242 Md. 329, 219 A. 2d 22 (1966), which indicates that an appeal may fail where it names the agency as appellee and the agency is not technically the proper party appellee. * * *
* * *
"Subtitle B provides the procedure for the giving of notice to all proper parties by the agency. The onus would therefore be put on some party other than appellant to present a proper party appellee, and the possibility of loss of appeal rights by an inadvertent misnomer of the appellee would be eliminated. If after due notice no other party elected to participate as appellee, the appeal could then proceed ex parte."

In the present case the titling order of appeal listed the sixty-six protestants before the Board as appellants and the Board as appellee, and read: "The appellants, through counsel, feeling aggrieved by the decision of the County Board of Appeals in Case No. 2945, taken June 1, 1971, hereby appeal the aforesaid decision to this Court * * *." The notice of appeal was signed by the attorney for the protestants-appellants.

It is plain in our view that the timely notice of appeal fully met the identification requirement contemplated by the present rules as sufficient to set an administrative appeal in motion. The agency, the case before it, and its decision are all specifically identified, and the agency was clearly put on notice of its obligation to notify all parties in interest before it and it duly fulfilled its obligations. The listing of the Board as appellee neither added to nor subtracted from the effectiveness of the complete identifications of the notice of appeal. It was error to dismiss the appeal.

> *Order of dismissal reversed and case remanded for further proceedings, including the hearing of the appeal on the merits and a decision thereon, costs to abide the result.*