ROEDER ET AL. *v.* BROWN
[No. 120, October Term, 1948.]

*Decided March 31, 1949.*

The cause was argued before DELAPLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Thomas B. Finan, Jr.,* for the appellants.

The Court declined to hear argument for the appellee. *William L. Wilson, Jr.,* and *Edward J. Ryan* were on the brief, for the appellee.

GRASON, J., delivered the opinion of the Court.

Angus L. Brown owns lots Nos. 19 and 20 of Block No. 27 of Johnson Heights Addition to Cumberland, upon which is erected a house, garage, and truck body paint shop. He also owns lot No. 18 in said Addition to Cumberland. He made application to the City Engineer of that city for a permit to erect on lot No. 18 a two-story building, on the ground floor of which would be conducted the business of repairing and painting trucks and trailers, and on the second floor of which would be apartments. This lot is in Class B, Residential District, as ordained by zoning Ordinance No. 1776 of the Mayor and City Council of Cumberland. The City Engineer refused the permit, from which an appeal was taken to the Board of Zoning Appeals. The appellants' brief states that the "Board (of Zoning Appeals) has sustained the city Engineer in his refusal to issue the building permit to the appellee". The appellee's brief states: "The Appellant had refused to hear the appeal by the Appellee when he appealed from the refusal of the City Engineer to grant him the permit, * * *." Whatever happened, it is a fact that appellee filed a petition in the Circuit Court for Allegany County, praying for a writ of *certorari*, which was granted, and the case was heard in that court. The order of the Zoning Appeals Board was reversed and the City Engineer directed to grant the building permit to appellee. The Board of Zoning Appeals of the City of Cumberland appeals to this court, and appellee moves to dismiss the appeal. The enabling act, Code, Art. 66B, sec. 7 and, ordinance No. 1776 do not authorize the Board to appeal from its own decisions. The provision for an appeal in the Ordinance is contained in Section 22 thereof. That section contains the same provisions as Section 35 (a) of Ordinance 1247 of the Mayor and City Council of Baltimore, which was dealt with by this court in the case of *Board of Zoning Appeals v. McKinney*, 174 Md. 551, 562, 199 A. 540, 545, 117 A. L. R. 207, where this court said:

"The Board is wholly a creature of statute, it has no powers, rights or duties save those conferred by statutes and such as are implicit in its granted powers, and its nature and character preclude the hypothesis that the Legislature intended that it should have the power to engage in litigation involving the legality or propriety of its decisions.

"Apart from legislative authority, it would seem clear that the Board has no more right to appeal from its own decisions to the Baltimore City Court, or, from the decisions of that court to the Court of Appeals, than a justice of the peace, or such an agency as the State Industrial Accident Commission, would have to appeal from judgments of a court reversing their decisions."

Again we said, in *Mayor and City Council of Baltimore v. Shapiro*, 187 Md. 623, 51 A. 2d 273, at page 275: "In the case of *Board of Zoning Appeals v. McKinney*, 174 Md. 551, 199 A. 540, 543, 117 A. L. R. 207, this court held that the Board itself had no standing to appeal, since it was merely 'an administrative agency of the city of Baltimore exercising *quasi* judicial and legislative functions' and had 'no interest, personal or official, in the matters which came before it other than to decide them according to law and the proved fact.' "

It is apparent that the Board of Zoning Appeals of Cumberland was not authorized by law to appeal from the order of the Circuit Court for Allegany County reversing its action in this case, and the appeal will be dismissed.

*Appeal dismissed, with costs to appellee.*