GORIN ET AL. *v.* BOARD OF COUNTY COMMIS-
SIONERS FOR ANNE ARUNDEL
COUNTY ET AL.

[No. 432, September Term, 1965.]

*Decided October 12, 1966.*

The cause was argued before HAMMOND, C. J., and HORNEY, OPPENHEIMER, BARNES and McWILLIAMS, JJ.

*Jerome F. Connell* for the appellants.

*Vincent A. Mulieri, Assistant County Solicitor for Anne Arundel County,* for the Board of County Commissioners, one of the appellees.

*Charles C. Hartman, Jr.,* for the intervenors, the other appellees.

OPPENHEIMER, J., delivered the opinion of the Court.

The Board of County Commissioners for Anne Arundel County (the Board) denied the appellants' requests to rezone their property, consisting of about 600 acres, to various classifications; the appellants filed a bill for mandatory injunction in the Circuit Court for Anne Arundel County to set aside the Board's adverse decisions;[1] the court upheld the Board's refusal to grant the applications, and this appeal resulted. The County Commissioners, in a comprehensive zoning plan for the entire county adopted in 1952, had originally zoned all of the tract "agriculture." Under that classification, in addition to farming, one and two-family dwellings are permitted on one acre lots. Anne Arundel County Code (1957) Sec. 35-38, Sec. 35-40. The requested reclassifications for various parcels within the tract ranged from heavy and light commercial to general and garden apartments and cottage and manor-type establishments.

The appellant, Gorin, a land developer, acquired the tract in 1955. The tract, located not far from the Severn River, is bounded on the west by Maryland Route 3 and on the east by the Chartwell development, within the general Greater Severna Park area. When Gorin acquired the tract, most of it was still zoned agriculture, although 107 acres had been zoned as cottage residential. After his acquisition, Gorin obtained rezoning for an additional 20 acres as cottage residential and for 100 acres as a cemetery. No part of the cemetery has been developed. In 1964, Gorin filed six applications with the Planning and Zoning Commission to rezone approximately 637 acres of the tract for the various usages to which reference has been made. A joint hearing was held before the Zoning and Planning Commission and the Board upon the six applications, which

---

1. Anne Arundel County has abolished the Board of County Commissioners pursuant to adoption of its charter and the answer to Gorin's bill of complaint was filed by the county. The owners of a property in the immediate vicinity of the tract involved were permitted to intervene as parties defendant in the court proceedings; their intervention was not challenged.

were consolidated as one petition. Thereafter, the Commission recommended favorably as to all of the rezonings but the Board, by a vote of four-to-four, failed to grant any of the applications. The failure of the Board, by an evenly split vote, to grant the applications is legally equivalent to a denial. *Stocksdale v. Barnard,* 239 Md. 541, 548, 212 A. 2d 282 (1965).

The case was argued below on the record made during the proceedings before the Board; no additional testimony was presented. Judge Childs found that the proposed uses to which the tract involved would be put under the proposed reclassifications would be the highest and best use therefor but that the record was devoid of any evidence to show a mistake in the original zoning or a substantial change in conditions.

Almost all of the evidence offered before the Board by the appellants went to the advantages of the proposed development of the tract and to show that the proposed land uses would be the best to which the land could be put. There was voluminous and plausible testimony as to the attractive nature of the plans for the area involved but, as we held in *MacDonald v. Board of County Comm'rs,* 238 Md. 549, 555, 210 A. 2d 325, 328 (1965): "[I]t is not the proposed treatment of a particular tract within the broad territory encompassed by the original zoning plan which governs; the impingement of the proposed rezoning upon the general plan is the criterion. See *Hewitt v. Baltimore County,* 220 Md. 48, 57-60, 151 A. 2d 144 (1959)." Nor does the approval of the reclassifications by the Planning and Zoning Commission supplant the Board's responsibility to make its own decisions. *Board of County Comm'rs v. Edmonds,* 240 Md. 680, 685, 687, 215 A. 2d 209 (1965) and cases therein cited. The Anne Arundel County Code expressly provides that "the county commissioners are alone empowered to promulgate or to amend zoning areas, zoning boundaries or zoning regulations." Sec. 24-9.

The record is devoid of any evidence of mistake in the original comprehensive zoning. The only evidence of substantial change in the conditions since the adoption of the original comprehensive zoning is contained in two plats introduced through Mr. Weinhold, an engineer called before the Board by the appellants. One of these plats showed plans for the proposed re-

location of Benfield Road, intended to serve the development, and the other, Mr. Weinhold testified, was prepared by him from the official records of the Planning and Zoning Commission, to depict the existing and proposed zoning. No testimony was offered by the appellants other than these plats as to what rezoning had taken place since the adoption of the comprehensive zoning map and Judge Childs, in his opinion, found that these exhibits standing alone did not amount to testimony in support of the contention as to the change in conditions.

We find it unnecessary to pass upon the sufficiency of the two plats to show any evidence of change in conditions. In civil litigation, an interpretation of what official records show, with certain exceptions not here pertinent, is not admissible without the introduction of the records. *Smith v. Jones,* 236 Md. 305, 203 A. 2d 865 (1964). While proceedings before an administrative board are informal and the strict rules of evidence do not apply, when the board is functioning in an adversary proceeding, the fundamentals applicable to the decision of adjudicative facts by any tribunal must be preserved. See *Hyson v. Montgomery County,* 242 Md. 55, 63-67, 217 A. 2d 578 (1966). A proceeding such as is here involved is quasi-judicial in nature. *Hyson, supra,* and authorities therein cited; Anne Arundel County Code, Sec. 24-9. One of the requisites in such a proceeding is that the party who carries the burden of proving an issue adduce substantial evidence of probative value.

The question before us, however, is not whether the Board's action, if it had granted the applications, would have been supported by any substantial evidence, but whether the denial of the reclassifications was arbitrary and unreasonable. Even if it be assumed that the plats could have been properly considered by the Board as evidence of changes in conditions, there is ample testimony in the record to make the issue of whether there was sufficient change to justify denial of the applications at least fairly debatable.

The tract involved consists of approximately a square mile. The testimony adduced by the appellants indicates that under the proposed development about 16,000 people would be expected to live within the tract. There are no high-rise or garden

type apartments within several miles of the property. Serious questions were raised by opponents of the plan as to the effect of the proposed development upon the houses in the surrounding territory, as to traffic and as to potential water pollution. There was testimony that construction of the proposed commercial and high-density residential areas could not be begun until proper sewerage and water had been made available. Mr. Weinhold testified for the appellants that water could be provided by septic systems and wells. However, a letter from the Anne Arundel Sanitary Commission stated that in order to provide public water the Commission would have to construct a pumping station and elevated tank to serve the general area and that while public sewers could be provided by extension of the proposed system, the extension of the public systems would be dependent upon adequate financing. How and when such financing could be secured was not made clear.

*Furnace Branch Land Co. v. Board of County Comm'rs,* 232 Md. 536, 539, 194 A. 2d 640, 641-42 (1963), is closely in point to the present case. In that case, Judge Hammond (now Chief Judge) said, for the Court:

> "If it be assumed that the applicants for rezoning demonstrated sufficient change in conditions, over-all need, the adequacy of roads and of existing or soon to be existing schools and water supply (there is no claim that without rezoning no reasonable use can be made of the land), we think there was substantial evidence before the Board which permitted it reasoningly and reasonably to find that the lack of sewerage and water, particularly sewerage, made the concentration of thousands of people on the property in question not in the public interest, if not dangerous to the health of the community.
>
> "Change in conditions may justify the amendment of the existing zoning ordinance to reclassify a particular property but it does not necessarily compel it. Even as in original zoning, rezoning must be in the general public interest for the promotion of the health, safety and welfare of the community, as well as in the

individual interest of the land owner. Code (1957), Art. 66B, Sec. 21; *Wakefield v. Kraft,* 202 Md. 136; *Huff v. Bd. of Zoning Appeals,* 214 Md. 48."

In *Board of County Comm'rs v. Farr,* 242 Md. 315, 322, 218 A. 2d 923, 927 (1966), we said, citing cases:

"We have consistently held that the fact the zoning body, on the record before it, had the legal authority to grant the petition for reclassification if it had deemed such action proper, does not mean the action denying the application is to be reversed, when the decision is supported by substantial evidence and is not arbitrary or capricious."

In this case, the strong presumption of the correctness of the original comprehensive zoning prevails and we agree with Judge Childs that there is no clear and affirmative showing that the action of the Board in denying the applications was arbitrary or capricious.

*Judgment affirmed; costs to be paid by appellants.*