HARDING *v.* STATE

[No. 234, September Term, 1967.]

*Decided May 30, 1968.*

The cause was argued before HAMMOND, C. J., and MAR-
BURY, BARNES, FINAN and SINGLEY, JJ.

*Henry J. Noyes* for appellant.

*Bernard L. Silbert, Assistant Attorney General,* with whom
was *Francis B. Burch, Attorney General,* on the brief, for ap-
pellee.

SINGLEY, J., delivered the opinion of the Court.

Francis L. Harding, the appellant in this case, is a profes-
sional bondsman in Montgomery County, Maryland. On 21
February 1967, one Hugh William Price was arrested on a
charge of assault and was taken before a justice of the peace,
who fixed bail at $300. Price was released on a recognizance,
on which Harding was the surety, to stand trial in the People's
Court of Montgomery County on 9 March 1967. Price failed
to appear; the bail was forfeited; a bench warrant was issued;
Price was later re-arrested by the police, tried on 22 May
1967, found guilty, and sentenced to 10 days in jail. On 26 May
1967, the clerk of the People's Court forwarded the bond for-
feiture to the Circuit Court for Montgomery County where it
was recorded as a judgment against Harding. On 30 June
1967, Harding filed in the circuit court a petition reciting the
forfeiture, Price's return and conviction, and the entry of the
judgment, and asked that the forfeiture of the bond be stricken,
relying on Maryland Rule 777 g, which provides "The court
may set aside or remit the whole or any part of any forfeiture
of bail as justice may require." The State did not oppose this
motion. On 24 July 1967, the circuit court entered an order
that the forfeiture stand, and this appeal followed.

The problem of bail forfeiture received the careful attention
of this Court in *Allegheny Mutual Cas. Co. v. State,* 234 Md.

190

278, 199 A. 2d 201 (1964). In that case, speaking through Judge Sybert, we said:

> "While the discretionary power of the court [to strike out a forfeiture] is conditioned upon a showing by the defendant of reasonable grounds for his nonappearance, we believe that the Legislature intended that this condition should be liberally construed so as not to do harm to a basic purpose which underlies the granting of bail, that is, to insure the presence for trial of an accused party. Such a construction is required, we think, when the purpose of the bond is fulfilled within a reasonable time and when there has been little or no prejudice to the State." 234 Md. at 282-83.

The opinion continues with a discussion of the traditional theory of bail, and the principal that forfeitures are not designed to enrich the State, citing Chief Justice Marshall's opinion in the circuit court case of *United States v. Feely,* 25 Fed. Cas. 1055, case no. 15,082 (1813) and the authorities which have followed it. The opinion then continues:

> "It is obvious that if the conditions stated in [(Maryland Code, 1957, 1966 Replacement Volume) Art. 26] Sec. 33(b) were not liberally construed in favor of striking forfeitures, in proper cases, the sureties on a bail bond would have no reason to pursue the defendant and return him to the jurisdiction of the Court, after a forfeiture for nonappearance had been entered." 234 Md. at 284.

It is our view that Harding's case is a meritorious one, but since he had the misfortune of seeking relief in the wrong court, and of relying on a rule which is not applicable, it is with reluctance that we reach the conclusion that the State's motion to dismiss should be granted.

It must be remembered that Price's bail was fixed by a justice of the peace of Montgomery County, that Price was tried by the People's Court of Montgomery County, and that the bail was forfeited by that court. These circumstances make it necessary for us to thread our way through a maze of applicable statutes.

Code (1957, 1968 Replacement Volume) Art. 52, § 99 deals with the jurisdiction and powers of the judges of the People's Court of Montgomery County. It says, in part:

> "The judges of the People's Court of Montgomery County * * * shall have all the authority, powers, civil, criminal and juvenile jurisdiction * * * heretofore vested in the justices of the peace designated as trial magistrates and other justices of the peace of said count[y] ; * * *"

Art. 52, § 103 confers on justices of the peace the power to fix bail in cases transferred to trial magistrates. Art. 52, § 47 provides:

> "The provisions of § 33(b) of Article 26 shall apply to all cases before justices of the peace and trial magistrates."

and Art. 26, § 33(b) reads:

> "(b) *Striking out forfeiture of bond or collateral.* In all cases the court shall have the discretionary power to strike out the forfeiture of bond or collateral where the defendant can show reasonable grounds for his non-appearance."

It seems abundantly clear to us that if a justice of the peace fixes the bail and transfers the case to the people's court for trial, and if the people's court orders the bail forfeited, then the discretionary power to strike the forfeiture, accorded by Art. 26, § 33(b) rests with the People's Court of Montgomery County and not the circuit court. As a correlative matter, it is equally clear that a motion to strike out the forfeiture, filed in the people's court must rely on Art. 26, § 33(b) and not on Rule 777 g since by definition, the word "court" as used in the Rules does not include a people's court unless otherwise expressly provided. Rule 5 i.

Had Harding sought relief in the people's court, and had the relief sought been denied, he could have appealed to the circuit court under Code (1957, 1968 Replacement Volume) Art. 5, § 30, which permits appeals generally including appeals

from judgments entered in "all actions of debt for the collection of fines, penalties and forfeitures imposed by any law of the State." On appeal to the circuit court, the trial is de novo, *Montgomery Ward & Co. v. Herrmann,* 190 Md. 405, 58 A. 2d 677 (1948) and the jurisdiction of the circuit court being of an appellate nature, no further appeal lies to this court, *Ruth v. Durendo,* 166 Md. 83, 170 A. 582 (1934) ; *Main v. Fessler,* 89 Md. 468, 43 A. 917 (1899) unless the appeal challenges the jurisdiction of the circuit court, *Lambros v. Brown,* 184 Md. 350, 41 A. 2d 78 (1945) ; *Wilmer v. Mitchell,* 122 Md. 299, 89 A. 612 (1914) ; *Rayner v. State,* 52 Md. 368 (1879). No appeal could have been taken by Harding from an adverse ruling of the circuit court had the case been properly before that court, nor will an appeal lie from a determination adverse to Harding on a petition filed by him in the wrong forum.

We do not reach the questions (1) whether remission by the executive of a recognizance forfeited in a people's court is available under Code, Art. 41, § 50 without the recommendation of the judge of that court; and (2) whether there was prejudicial error in the failure of the trial judge to file a statement of the grounds for her decision, in response to a motion made by Harding under Rule 18 c.

> *Appeal dismissed without prejudice to such other rights as appellant may have; costs to be paid by appellant.*