REAL ESTATE COMMISSION OF MARYLAND *v.*
TYLER T/A SEVERN REALTY COMPANY

[No. 284, September Term, 1972.]

*Decided April 25, 1973.*

The cause was submitted on brief to MURPHY, C. J.,
and McWILLIAMS, SINGLEY, SMITH and DIGGES, JJ.

Submitted by *Francis B. Burch, Attorney General,* and
*Thomas G. Young, Assistant Attorney General,* for appellant.

No brief filed on behalf of appellee.

PER CURIAM:

The Real Estate Commission of Maryland (the Com-

mission) is unhappy because a circuit court judge (Wray, J.) reversed the Commission's order denying the appellee's application for renewal of his license as a real estate broker and remanded the case to that Commission for rehearing. Code (1957, 1972 Repl. Vol., 1972 Supp.) Art. 56, § 225 (a) requires the Commission "at least ten days prior to the date set for the hearing [to] notify in writing the . . . license holder of the charges made . . . ." He is to be afforded "an opportunity to be heard in person or by counsel." The "notice may be served by delivery of same personally to the . . . license holder, or by mailing same by registered mail to the last known business address of such . . . license holder."

In this case notice was timely mailed to the business address of the appellee. However, it was mailed certified mail, return receipt requested, *with delivery restricted to the addressee.* Notice was left for the appellee by the postal authorities, but he did not pick up the letter. Of course, he could have had a dozen employees at his place of business, but if the delivery were restricted to the addressee it would have been necessary for him to go to the appropriate post office window during its regular hours if he were not personally present on the premises when the postman arrived. The appellee was personally served by an investigator for the Commission two days before the Commission's hearing. Since this service quite obviously failed to comply with the statutory requirement of ten days' notice, the order of the trial judge must be affirmed.

We are reluctant to dismiss the appeal *ex mero motu* when the case was submitted on brief by the appellant, no brief was filed by the appellee and no consideration has been given to the right of the Commission to appeal. We have grave doubts that the Commission has a right of appeal. *Cf. e.g., Insurance Commissioner v. Allstate Insurance Co.,* 268 Md. 428, 302 A. 2d 200 (1973) ; *Board of Zoning Appeals v. Guns,* 259 Md. 368, 269 A. 2d 833 (1970) ; *Subsequent Injury Fund v. Pack,* 250 Md. 306,

310, 242 A. 2d 506 (1968); *Liquor License Board v. Leone,* 249 Md. 263, 239 A. 2d 82 (1968); *Md. Pharmacy Board v. Peco,* 234 Md. 200, 203, 198 A. 2d 273 (1964); *Roeder v. Brown,* 192 Md. 639, 65 A. 2d 333 (1949); *Mayor & C. C. of Balto. v. Shapiro,* 187 Md. 623, 51 A. 2d 273 (1947); and *Zoning Appeals Board v. McKinney,* 174 Md. 551, 199 A. 540, 117 A.L.R. 207 (1938).

We wish to make it abundantly clear that in not dismissing the appeal we do not intend to indicate in any way that such a right of appeal by the Commission exists. The Commission in any subsequent appeals during the present state of the law should be prepared to brief and argue before us any such asserted right to appeal.

*Order affirmed; appellant to
pay the costs.*