500 A.2d 344

**Vernon E. LOHRMANN, Sr., et al.**

**v.**

**The ARUNDEL CORPORATION, et al.**

**No. 253, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

Nov. 18, 1985.

Ronald G. Dawson (Smith, Somerville & Case on the brief), Annapolis, for appellants.

Sharon B. Benzil (Harry C. Blumenthal and Blumenthal, Wayson, Downs & Offutt, P.A. on the brief), Annapolis, for appellee, Arundel Corp.

Stephen R. Beard, County Sol. and Eileen E. Powers, Asst. County Sol., Annapolis, on the brief for appellee, Anne Arundel County.

Argued before MOYLAN, ADKINS and KARWACKI, JJ.

ADKINS, Judge.

The principal question presented by this case is whether an evenly-divided vote by the Anne Arundel County Board of Appeals operates as a denial of a special exception previously granted by a zoning hearing officer or as an affirmance of the hearing officer's decision. The question arises in this context:

Appellee The Arundel Corporation (Arundel) requested a special exception to permit the operation of a cemetery, funeral home, and crematory on certain lands in Anne Arundel County.[1] The request was opposed by appellants Vernon E. Lohrmann, Sr., and Boyd Walton, Jr. (appellants), but was granted by a zoning hearing officer. Appellants appealed to the County Board of Appeals. The Board, with six members sitting, held a *de novo* hearing. It rendered the following "decision:"

> There being the same number of members voting to grant the special extension as there are members voting to deny the special exception, the Board is unable to issue a majority Opinion and Order to do either.

The County Office of Planning and Zoning announced that it would give effect to the zoning officer's decision to grant the special exception. Appellants appealed the Board's "decision" to the Circuit Court for Anne Arundel County. In a separate action in that court, they sought a declaratory judgment "that the split decision entered by the Board of Appeals ... is deemed to be and constitutes a denial of the application...." The circuit court stayed the appeal from the Board and proceeded with the declaratory judgment case. It declared

> that since the Board of Appeals refused to decide the case either way, the decision rendered by the Zoning Hearing Officer, which granted the special exception, remains in

---

1. The other appellee in this court is Anne Arundel County (the County).

effect at this time. Since there is no genuine dispute between the parties as to any material facts, the Court grants summary judgment in favor of [Arundel and the County]. . . .

Appellants appealed to this court. We hold that the trial court erred and reverse. But before we explain our reasons for this decision, we must dispose of some preliminary matters.

### Preliminary Matters

■ The first of these problems is raised by appellees' motion to dismiss for lack of a final judgment. Citing *Felger v. Nichols,* 30 Md.App. 278, 352 A.2d 330 (1976), they argue that appellants have appealed from the mere granting of a motion for summary judgment, not from an actual judgment entered thereon.

In *Felger* the defendant moved for summary judgment. The trial court signed a paper that read, in pertinent part: "Motion for Summary Judgment Granted." A note attached to the paper read: "Counsel will prepare order." The docket showed that the motion for summary judgment had been granted. No judgment was entered or noted on the docket. No order was ever prepared by counsel. Under those circumstances we dismissed the appeal. We held: "There is no right of appeal from the grant of a motion for summary judgment," reasoning that

the grant of the motion is nothing more than a determination that the moving party is entitled to a judgment. It does not itself constitute the entry of final judgment.

30 Md.App. at 279, 352 A.2d 330 [footnote omitted].

In the case now before us, the trial judge, at the conclusion of his memorandum opinion, signed an order reading thus:

WHEREFORE, for all the foregoing reasons, it is this 18th day of January, 1985, by the Circuit Court for Anne Arundel County, ORDERED that Summary Judgment be granted in favor of Defendants and declare [*sic*] that the

Zoning Hearing Officer's approval of the requested special exception is to remain in effect.

This order is reflected in the docket. We hold it constitutes an appealable final judgment for purposes of § 12–301 of the Courts and Judicial Proceedings Art.[2] This case differs from *Felger* in at least two respects.

In *Felger* no order was ever entered, although the docket showed that one was contemplated. There was nothing more than the grant of a motion preliminary to the intended order. Here, the court signed an order expressly directing that "Summary Judgment be granted in favor of Defendants...." It would have been better, no doubt, to direct that "Summary Judgment be *entered*" or even to say that "Summary Judgment is *entered*" but that is a matter of semantics; the judge's intention, as embodied in his order, is clear.

Furthermore, we are dealing here with a declaratory judgment action. The essence of the judgment in this type of proceeding is a declaration of the rights of the parties in order "to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." Courts Art. § 3–402. Section 3–411 instructs that a "declaration may be affirmative or negative in form and effect *and has the force and effect of a final judgment or decree*" [emphasis supplied]. As we have seen, the circuit court did issue a declaration on the question before it, and it embodied that declaration in an order. We hold that this was an appealable final judgment by virtue of the express language of § 3–411.

■ The second preliminary problem arises out of § 3–409(b): "If a statute provides a special form of remedy for a specific type of case, that statutory remedy shall be followed in lieu of a [declaratory judgment proceeding]." There is, of course, a statutory remedy for a party aggriev-

---

2. In pertinent part, § 12–301 provides that "a party may appeal from a final judgment entered in a civil or criminal case by a circuit court."

ed by a decision of the Anne Arundel County Board of Appeals. That remedy is an appeal from the Board to the circuit court. Anne Arundel County Charter, § 604. Indeed, as we have noted, appellants took an appeal under that provision. The question is whether § 604 provides "a statutory remedy" that bars appellants from also seeking declaratory relief. Under the circumstances of this case, we hold it does not.

In the first place, § 604 applies only to "a party aggrieved" by the Board's decision. The issue now before us is whether the effect of that decision was to affirm the hearing officer or to deny the special exception. Until that has been determined, no one really knows who was aggrieved by the Board's action. Thus, while appellants' appeal may have been prudent as a means of preserving their appeal rights in the event of an adverse decision in this case, it is far from clear that the appeal route would provide them with a complete and adequate resolution of the basic question: the effect of the Board's decision.

That fact leads to a second conclusion. This case is not an appeal from the Board, and it is not designed to raise for review the usual issues in an administrative appeal: whether the agency misapplied the law and whether its factual determinations were fairly debatable and *see* Code, State Government Art. 10–215(g); *Germenko v. County Board of Appeals of Baltimore County*, 257 Md. 706, 711, 264 A.2d 825 (1970); and *Harford Memorial Hospital v. Health Services Cost Review Commission*, 44 Md.App. 489, 410 A.2d 22 (1980). Instead, the circuit court was asked what it was the Board had decided, and that same question is before us. We hold that the declaratory judgment process is available to appellants. *Washington Suburban Sanitary Commission v. Mitchell & Best*, 303 Md. 544, 559, 495 A.2d 30 (1985) (special statutory remedy does not bar declaratory relief when declaratory judgment issue not embraced within statutory remedy).

*The Merits*

■ We now proceed to consider the effect of the Board's evenly-divided "decision." Did it affirm the hearing officer's grant of the special exception or did it amount to a denial of the special exception? We examine this question in the context of § 603 of the Anne Arundel County Charter, which provides: "All decisions by the County Board of Appeals shall be made after ... hearing *de novo* upon the issues before said Board."

The trial judge treated the Board's decision as a nullity—"The Board of Appeals refused to decide the case either way"—and for that reason he concluded that the zoning officer's decision "remains in effect at this time." Appellees agree with this conclusion, but eschew the reasoning. They analogize to judicial appellate review, and observe that in that situation an equal division on an appellate court results in affirmance of the lower court. *Attorney Grievance Commission v. Mandel,* 294 Md. 560, 572, 451 A.2d 910 (1982). *See also* Md. Const. Art. IV, § 14. Moving into the zoning arena, appellees cite *Levy v. Seven Slade, Inc.,* 234 Md. 145, 198 A.2d 267 (1964) and *Stocksdale v. Barnard,* 239 Md. 541, 212 A.2d 282 (1965) as supportive of their position. We do not read these cases as helpful to appellees.

In *Levy* the Baltimore County Zoning Commissioner denied an application for change in zoning classification and a special exception. The applicant appealed to the County Board of Appeals, which split 1–1. The applicant appealed to the circuit court. That court "felt there was no presumption of the correctness of the denial of the application which resulted" and that it should, therefore, "make its own independent determination of the facts as the record disclosed them." 234 Md. at 148, 198 A.2d 267. Having done so, the court granted the application. *Id.*

The Court of Appeals reversed and reinstated the zoning commissioner's denial. It said that "[t]he inability of the Board to act affirmatively ... produced a continuance of

the denial of the application which the Zoning Commissioner had ordered...." 234 Md. at 152, 198 A.2d 267. It held that the Board's quasi-legislative action was entitled to a presumption of correctness and that the circuit court had erred in, in effect, substituting its judgment for that of the Board. *Id.* The facts and the holding in *Stocksdale* are virtually identical.

Both of these cases lend facial support to appellees' position. And we agree with appellees that the "split decision" zoning cases cited by appellants do not undercut the holdings of *Levy* and *Stocksdale*. They deal with a different problem. In *Montgomery County Board of Appeals v. Walker*, 228 Md. 574, 180 A.2d 865 (1962), the Court of Appeals held that a 2–2 decision of the Board of Appeals "constituted an effective denial of appellees' application...." 228 Md. at 584, 180 A.2d 865. But that case had nothing to do with an appeal from a hearing officer to the Board. The case involved an exercise of the Board's original jurisdiction under a Montgomery County Code provision requiring any action of the Board to be "taken by resolution, in which at least three members must concur." 228 Md. at 581, 180 A.2d 865. The scenario is essentially that involved in *Gorin v. Anne Arundel County*, 244 Md. 106, 223 A.2d 237 (1966) (when county commissioners split 4–4 on rezoning application, the application is denied). The fact that *Walker* and *Gorin* dealt with the exercise of original (as opposed to appellate) administrative or legislative jurisdiction may be of some help here, however. This is because in the case *sub judice*, the Anne Arundel County Board of Appeals was acting *de novo*—a situation closely akin to the exercise of original jurisdiction. It is this that distinguishes *Levy* and *Stocksdale* from the instant case. In neither of those cases, in which the Court of Appeals treated an administrative "appellate" split decision somewhat like the action of an evenly-divided appellate court, was a *de novo* "appeal" considered. Neither opinion makes

any reference to *de novo* action by the administrative appellate body.[3]

Here, as we have seen, we do have a *de novo* provision. We think that provision is decisive, for it tells us that the Board was not acting in a true appellate capacity; it was not functioning as does this court or the Court of Appeals in reviewing the action of a lower judicial tribunal. It was, in effect, exercising original jurisdiction.

There are many provisions in Maryland law for what are loosely termed *de novo* "appeals." Some of these appeals are less *"de novo"* than others in that the action of the body subject to review retains some vitality and must be considered in the reviewing process. For example, although appeals from the Workmen's Compensation Commission are "essentially de novo," *Maryland Bureau of Mines v. Powers*, 258 Md. 379, 382, 265 A.2d 860 (1970), "the decision of the Commission shall be presumed to be correct and the burden of proof shall be upon the party attacking the same." Art. 101, § 56. Because of that presumption and that burden, if "the mind of the trier of facts is in equal balance on the evidence in the record, the finding of the Commission should be affirmed." *Blake Construction Co. v. Wells*, 245 Md. 282, 286, 225 A.2d 857 (1967). A similar situation pertains with respect to judicial review of Health Claims Arbitration cases. *Attorney General v. Johnson*, 282 Md. 274, 280, 385 A.2d 57 (1978); Courts Art. § 3–2A–06(d). *See also Insurance Service Management, Inc. v. Muhl*, 65 Md.App. 217, 218–226, 500 A.2d 297, 298–302 (1985) (dealing with appeals from the Insurance Commission under Art. 48A, § 40). In these contexts there is some aspect of review of the administrative or quasi-judicial action when the "appeal" is taken; the slate is not

---

**3.** In both *Levy* and *Stocksdale de novo* appeal provisions were involved. But examination of the briefs filed in both cases reveals that in neither one was an issue raised as to the effect of a split decision on a *de novo* administrative appeal. No doubt for that reason the Court of Appeals did not address that issue, instead treating the cases as though they involved non-*de novo* appeals.

wiped clean. But it is otherwise in different types of *de novo* "appeals." In this second category of proceedings, the use of the word "appeal," to the extent it denotes review of the action of a lower tribunal, is a misnomer, for there is no review.

Perhaps the best example of proceedings in this category is that of *de novo* "appeals from the District Court to the circuit courts." Section 12–401(d) of the Courts Art. provides: "In every ... case [other than a civil case in which the amount in controversy is more than $1,000] an appeal shall be filed de novo." In *Hardy v. State*, 279 Md. 489, 493, 369 A.2d 1043 (1977), the Court of Appeals observed that "[t]his Court has consistently treated de novo appeals [from courts of limited jurisdiction to circuit courts] as wholly original proceedings, that is, as if no judgment had been entered in the lower court." *See also, e.g., Harding v. State*, 250 Md. 188, 242 A.2d 135 (1968), *Montgomery Ward & Co. v. Herrmann*, 190 Md. 405, 58 A.2d 677 (1948), and *Pinkett v. State*, 30 Md.App. 458, 352 A.2d 358, *cert. denied*, 278 Md. 730 (1976). When such an appeal is abandoned by the appellant, the judgment of the District Court is not revived; instead, the circuit court enters "as its judgment the judgment of the lower court." Md. Rule 1314 c. In short, when this type of *de novo* "appeal" is involved, there is no review of the decision of the lower tribunal. Instead, the case proceeds in most respects as an original proceeding, with the burdens of proof and persuasion allocated as an original proceeding, and with the entry of a new judgment at the conclusion of the trial.[4]

We find similar reasoning in cases dealing with *de novo* appeals from Orphans' Courts under § 12–502 of the Courts Art.; *Lowenthal v. Rome*, 45 Md.App. 495, 413 A.2d 1360 (1980), *aff'd*, 290 Md. 33, 428 A.2d 75 (1981). *And see* the

---

4. These principles are not modified by *Stanton v. State,* 290 Md. 245, 428 A.2d 1224 (1981), which held only that for purposes of consecutive sentencing in a separate proceeding, a District Court conviction remains in effect despite a pending *de novo* appeal from that conviction.

provisions of former Art. 89B, § 18 dealing with appeals from boards of property review in condemnation cases. In interpreting that provision the Court of Appeals noted that "not even a presumption" of the correctness of a prior award is carried into the new condemnation case. *Volz v. State Roads Commission,* 221 Md. 209, 214, 156 A.2d 671 (1959). In *Volz,* the Court of Appeals applied the non-technical meaning of the word "appeal," explaining that it means simply that "either party to the review board proceeding, who is dissatisfied with the findings and award of that board, has the right ... to 'apply for' a condemnation case to be filed in court and heard *de novo* as the new and independent action it is." 221 Md. at 215, 156 A.2d 671.

That is the sort of proceeding that is contemplated by § 603 of the Anne Arundel County Charter. Indeed, we so held in *Boehm v. Anne Arundel County,* 54 Md.App. 497, 459 A.2d 590, *cert. denied,* 297 Md. 108 (1983). There, Judge Alpert explained that the *de novo* hearing contemplated by § 603, Anne Arundel County Charter, "is an entirely new hearing at which time all aspects of the case should be heard anew *as if no decision has been previously rendered"* [emphasis supplied], 54 Md.App. at 511, 459 A.2d 590.

In effect, then, in this case the Board was exercising what amounts to original jurisdiction. It was as though the zoning officer had made no decision. In that situation, Arundel had the same burden it had before the zoning officer—"the burden of proof (including the burden of going forward with the evidence and the burden of persuasion) of all questions of fact." Anne Arundel County Code, Title 13, § 13–341.2(a). *See also* Anne Arundel County Code § 2–200, Rule 11(e): "In appeals from the zoning hearing officer, evidence presented at the public hearing shall be presented first by the applicant requesting ... the special exception, ... then by the persons in opposition." The evenly-divided Board decision demonstrates that it did not meet that burden. Accordingly, the effect of the

Board's action was to deny Arundel's request for a special exception. *See Walker* and *Gorin,* both *supra.*

For these reasons we reverse the judgment of the trial court. We remand with direction that the judgment be entered declaring that the Board's evenly-divided decision constitutes a denial of Arundel's application.

MOTION TO DISMISS DENIED. JUDGMENT RE-VERSED. CASE REMANDED FOR ENTRY OF DE-CLARATORY JUDGMENT CONSISTENT WITH THIS OPINION. APPELLEES TO PAY THE COSTS.