554 A.2d 348

**HOWARD COUNTY HUMAN RIGHTS COMMISSION**

v.

**GREAT OAKS APARTMENTS.**

**No. 177, Sept. Term, 1987.**

Court of Appeals of Maryland.

March 6, 1989.

Paul T. Johnson, Sr. Asst. County Sol. (Barbara M. Cook, County Solicitor, both on brief), Ellicott City, for appellant.

Michael B. Green, Towson, for appellee.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and BLACKWELL, JJ.

McAULIFFE, Judge.

We granted certiorari in this case to determine whether the adults-only rental policy of Great Oaks Apartments was at variance with the Howard County Human Rights Law and, if so, whether Howard County's prohibition was invalid by reason of conflict with state law. We will not be able to reach those questions because this case has become moot.

At the time the Howard County Human Rights Commission (HRC) filed a complaint against Great Oaks alleging age discrimination in housing, Great Oaks held itself out as an adult community and prohibited rental of apartments to families with children under 15 years of age. HRC contended that Great Oak's conduct violated § 12.207 of the Howard County Code, and asked that an order be issued directing Great Oaks to "cease and desist from the acts." The complaint was filed with the Board of Appeals of Howard County, which has original jurisdiction in such matters. At a hearing before the Board, the parties stipulated to the relevant facts, and presented the Board with a single question—whether the adults-only rental policy of Great Oaks constituted a form of age discrimination prohibited by the Howard County Code. Four of the five mem-

bers of the Board heard the case. The fifth member, although confident that he could render an unbiased decision, "stepped down" after Great Oaks challenged his participation because he had been the chairman of the Howard County Human Relations Commission 15 years earlier.

The Board of Appeals was unable to agree. Two members believed the conduct was prohibited by the Howard County Code, and two believed it was not. The Board treated its 2–2 decision as a denial, and dismissed the petition. *See Montgomery County v. Walker,* 228 Md. 574, 581–84, 180 A.2d 865 (1962); *Lohrmann v. Arundel Corp.,* 65 Md.App. 309, 316, 500 A.2d 344 (1985). HRC appealed to the Circuit Court for Howard County. That court also declined to answer the question posed by the parties. Judge J. Thomas Nissel held that if it were assumed that the Howard County Code prohibited an adults-only rental policy, that portion of the code would be invalid because it would be in direct conflict with the housing discrimination provisions of state law.[1] He entered an order affirming the dismissal. HRC appealed to the Court of Special Appeals, and we granted certiorari before consideration of the appeal by that court.

Two things have happened since we received this appeal that in combination make the case moot. First, the Congress has passed and the President has signed the Fair Housing Amendments Act of 1988, Pub.L. No. 100–430, 102 Stat. 1619, which will take effect 12 March 1989. This act amends Title VIII of the Civil Rights Act of 1968 and, among other things, prohibits age discrimination in residential rental housing except under certain specified circumstances. Second, Great Oaks has notified the Court that

---

1. Judge Nissel found that § 20 of Article 49B, Maryland Code (1957, 1986 Repl.Vol.), expressly permitted that which the Howard County Code presumably prohibited, and thus there was an impermissible conflict within the meaning of *Klein v. Colonial Pipeline Co.,* 285 Md. 76, 400 A.2d 768 (1979), and *City of Baltimore v. Sitnick & Firey,* 254 Md. 303, 255 A.2d 376 (1969).

because of the enactment of the federal law it has now discontinued its adults-only policy.

In view of the fact that the only relief sought by HRC was the issuance of an order directing that Great Oaks cease and desist from its adults-only rental policy, there is no longer an actual controversy between the parties, and the Board of Appeals could give no meaningful relief. *See State v. Peterson*, 315 Md. 73, 553 A.2d 672 (1989); *Koontz v. Ass'n of Classified Emp.*, 297 Md. 521, 529, 467 A.2d 753 (1983) (a question is moot if, at the time it is before the Court, there is no longer an existing controversy between the parties, so that there is no longer any effective remedy which the Court can provide). *See also Attorney Gen. v. A.A. Co. School Bus*, 286 Md. 324, 327, 407 A.2d 749 (1979), *United States v. Aluminum Co. of America*, 148 F.2d 416, 448 (2d Cir.1945), and *Gross v. Pomerleau*, 465 F.Supp. 1167, 1174 (1979), generally holding that an injunction should not issue if the acts sought to be enjoined have been discontinued or abandoned and there is no reasonable expectation that the conduct will be repeated. Although the liability of the parties for payment of costs might be affected by a decision on the merits, it is settled that "an otherwise moot case is not regarded as a live controversy merely because of liability for costs." *Rutherford v. Rutherford*, 296 Md. 347, 351–52, n. 2, 464 A.2d 228 (1983).

The parties, acknowledging that the case before us has become moot, nevertheless ask that we proceed to decide the underlying issues. They have informed us that there is another case pending before the HRC in which monetary damages are sought because of the past adults-only rental policy of Great Oaks, and they view a decision in this case as an expeditious and cost-effective means of resolving the principal controversy in that matter. We decline to do so. As Chief Judge Murphy said for the Court in *State v. Ficker*, 266 Md. 500, 506–07, 295 A.2d 231 (1972), "[a]ppellate courts do not sit to give opinions on abstract propositions or moot questions, and appeals which present

nothing else for decision are dismissed as a matter of course." It is true that "in rare instances which demonstrate the most compelling of circumstances" we will express our views on the merits of a case that has become moot. *Reyes v. Prince George's County,* 281 Md. 279, 297, 380 A.2d 12 (1977). This is not such a case. The existence of a single additional case which would be expedited by an advisory opinion of this Court is not a compelling circumstance. Moreover, because the membership of the Howard County Board of Appeals has changed in the interim, and because the very real possibility exists that the member who elected not to sit in this matter may elect to sit if the pending claim for damages must be heard, there is a strong likelihood that the Board would now reach a decision concerning the proper interpretation of the Howard County Code as it relates to age discrimination in housing. Consequently, any court called upon to review a decision reached in that case will likely have the benefit of an interpretation of the scope of the Howard County Human Rights Law by the administrative hearing body charged with its enforcement. There is merit, therefore, in permitting that case to follow its normal course.

JUDGMENT OF THE CIRCUIT COURT FOR HOWARD COUNTY VACATED; CASE REMANDED TO THAT COURT WITH DIRECTIONS TO DISMISS THE ACTION; COSTS TO BE PAID BY HOWARD COUNTY, MARYLAND.