## BOARD OF LIQUOR LICENSE COMMISSIONERS OF BALTIMORE CITY ET AL. *v.* KESWICK IMPROVEMENT ASSOCIATION, INC., ET AL.

[No. 160, September Term, 1961.]

*Decided February 21, 1962.*

The cause was argued before BRUNE, C. J., and HAMMOND, HORNEY, MARBURY and SYBERT, JJ.

*William J. McCarthy, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General,* and *Richard O. Motsay* on the brief, for The Board of Liquor License Commissioners of Baltimore City, part of appellants.

*John J. Ghingher, Jr.,* with whom were *Weinberg & Green* on the brief, for Frank Hoffman and others, other appellants.

*Mrs. Mabel Main Wilson* and *Southey F. Miles, Jr.,* for appellees.

BRUNE, C., J., delivered the opinion of the Court.

The appellants, The Board of Liquor License Commission-

ers of Baltimore City (the City Board), and Frank Hoffman and others (Hoffman), trading as Frank's Cut Rate Liquors, Inc., appeal from an order of the Baltimore City Court (Prendergast, J.), which reversed the action of the Board in approving the transfer of a Class A license for the sale of beer, wine and package goods at 501 West Cold Spring Lane, Baltimore, from the holder thereof, Gleason and Lutts, Inc., to Hoffman. The appellees, a neighborhood improvement association, a civic league and various individuals opposed to the transfer, move for the dismissal of the appeal.

The City Board took the position that on a transfer only the fitness of the applicants to conduct the business need be considered under Code (1957), Art. 2B, § 74 (a), and that in such a case, as distinguished from the issuance of an original license for the sale of alcoholic beverages at a particular location, there was no need to consider any question of public convenience and accommodation. However, it went on to say that if public convenience and accommodation were an issue, that the re-establishment of a package goods license at this location would be for the public convenience and accommodation. Judge Prendergast disagreed with the City Board as to its interpretation of the law, and he also found no substantial evidence to support the City Board's conclusion on the facts as to public convenience and accommodation. Judge Harlan had flatly made a similar holding less than a year earlier when Hoffman sought a transfer of the same license to a new location a few doors away from 501 West Cold Spring Lane.

Under § 175 (f) of Art. 2B of the Code (1957), an appeal to this Court is permitted only if a Judge of the Circuit Court of any County or of the Baltimore City Court "shall finally decide a point of law at variance with any decision previously rendered by any other Judge of the State on the same question." On appeal to this Court only the question of law so determined is open to review. To supply the required basis for appeal, the appellants have caused to be inserted in the record on appeal opinions and orders of Judge Macgill in two related cases in the Circuit Court for Howard County. In each opinion, he expressed a view as to the interpretation of § 74 (a) of Art. 2B, *supra,* in accordance with that of the City

Board in the present case and at variance with the subsequent holding of Judge Prendergast herein. However, in neither of the cases decided by Judge Macgill was his interpretation of § 74 (a) the ground of his decision.

In the first of these cases (*King v. Scott, et al.,* Constituting the Board of Liquor License Commissioners of Howard County, No. 4670 Law), the Howard County Board had denied approval of what was regarded (at least in some respects) as being "in the nature of a transfer" for reasons quite apart from the fitness of the applicant, which was not questioned. Judge Macgill expressed the view that "the only relevant issue before the Board would be the character and fitness of the proposed assignee," and that the grounds upon which the license had been denied were therefore not relevant to the issue which the Board was called upon to decide. However, he actually affirmed the County Board's decision under the automatic affirmance provision of § 175 (e) (3) of Art. 2B, *supra,* which had become operative because of the lapse of time, the case not having been determined within thirty days after the filing of the record in the Circuit Court.

In the second case, (similarly entitled, No. 4811 Law), which involved the denial of an application for a new license filed after the applicant had failed of success in the first case, Judge Macgill referred to his opinion in the first case and reaffirmed his view as to what would be relevant on an application for a transfer. However, he held that the County Board was required to treat the new application as an original application, and he affirmed its action for the reason that the evidence did not show that the Board's discretion was not fairly exercised, or that its decision was arbitrary or not supported by substantial evidence.

Although, as we have said, we think it evident that Judge Macgill entertained a view of the legal requirements under § 74 (a) of Art. 2B, *supra,* contrary to the view of the meaning or effect of that section upon which Judge Prendergast based his decision in the instant case, we are of the opinion that Judge Macgill's expressions of opinion do not constitute "decisions." They were not, and indeed could not be, the reason for his actual decision in either case, nor did they lead to the point

intended to be decided. The conflict which the appellants here assert would not meet the test under this statute stated by this Court in *Gianforte v. Board of License Com'rs for Baltimore City,* 190 Md. 492, 499, 58 A. 2d 902: "Before we can review a 'final' decision of the trial court, there must be such a well defined conflict that the decision in one case would operate to overrule the other, if rendered by the same court." See also *Alexander v. Worthington,* 5 Md. 471, 489, where it is said: "[G]eneral views expressed by the court as illustrative of, but not necessarily leading to, the opinion on the point intended to be decided, are not to be treated as conclusive, where similar topics come up directly for judgment."

The appeal must be dismissed for lack of a conflict of actual decisions. We therefore do not reach any of the other questions raised in argument.

*Appeal dismissed, with costs.*