MARYLAND BOARD OF PHARMACY *v.* PECO, INC.

[No. 327, September Term, 1963.]

*Decided March 12, 1964.*

The cause was argued before HENDERSON, HAMMOND, HORNEY, MARBURY and SYBERT, JJ.

*R. Randolph Victor, Assistant Attorney General,* with whom was *Thomas B. Finan, Attorney General,* on the brief, for appellant.

*Miss Vivian V. Simpson* and *Robert F. Rolnick,* with whom were *Simpson & Simpson, Marshall E. Miller* and *Danzansky & Dickey* on the brief, for appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal by the Maryland Board of Pharmacy is from an order of the Circuit Court for Montgomery County reversing a decision of the Board denying an application for a permit to establish a pharmacy by Peco, Inc. The Board's decision was based on a "so-called" regulation purportedly adopted pursuant to Code (1957), Art. 43, sec. 268(c), dealing with location and layout. The court found that the regulation was inconsistent with Code (1957), Art. 43, sec. 250, and found as a fact that the requirements set up were unreasonable under the circumstances of this case and had no reasonable relation

to public health or safety as contemplated by sec. 268(c). The appellee moved to dismiss this appeal on the ground that the Board had no standing to appeal. Since we think the motion must be granted we do not reach the merits of the case.

Code (1963 Supp.), Art. 43, sec. 268(d) provides for an appeal by any person to whom the Board has refused to issue a permit, or whose permit has been revoked, but it does not authorize any appeal by any other person. It is conceded, however, that the Board is an "agency" as defined in Code (1963 Supp.), Art. 41, sec. 244 of the Administrative Procedure Act, and that the provisions of that Act are applicable. Sec. 255(a) provides: *"Right to review.*—Any party aggrieved by a final decision in a contested case, * * * is entitled to judicial review thereof under this subtitle." Sec. 256 provides: "An aggrieved party may secure a review of any final judgment of the circuit court by appeal to the Court of Appeals." Code (1957), Art. 5, sec. 1 provides that "[a]ny party may appeal to the Court of Appeals from any final judgment or determination of a court of law in any civil suit or action, * * *."

It is well settled that the provisions of Art. 5, sec. 1 do not apply to cases where the trial court exercises a special or limited jurisdiction conferred by statute. *Simpler v. State, Use of Boyd,* 223 Md. 456, 460, and cases cited. We are not here concerned with the exception where the trial court exceeds its jurisdiction. *Bd. of Med. Examiners v. Steward,* 203 Md. 574, 580. We think it is clear that the trial court had jurisdiction and did not exceed its statutory authority in reaching its decision on the law and the facts. It is also well settled that in cases where the trial court's power to review depends upon a statute, we must look to the statute to determine who may appeal. The question, then, is whether the Board can be considered an "aggrieved party."

The Board's function in acting upon an application for permit under the statute is quasi-judicial and not adversary. It is only a party in the circuit court for the purpose of producing the record (cf. sec. 255(d) and Maryland Rule B 7), or notifying the parties "to the proceeding before it." (Sec. 254 and Rule B2 d) Under sec. 255 (b) the trial court may "permit other interested persons to intervene." In *Zoning Appeals*

*Board v. McKinney,* 174 Md. 551, 564, it was said: "Since therefore the Board [of Zoning Appeals] is not a party to this proceeding, has no interest in it different from that which any judicial or quasi judicial agency would have, which is to decide the cases coming before it fairly and impartially, [it] is in no sense aggrieved by the decision of the Baltimore City Court, * * *." See also *Mayor & C. C. of Balto. v. Shapiro,* 187 Md. 623 and *Roeder v. Brown,* 192 Md. 639. It may also be noted that the same phrase is used in sec. 255(a) and in that context it could not apply to the Board, for the Board could hardly be "aggrieved" by its own decision. Moreover the Legislature, in using the phrase, presumably was well aware of its interpretation by this Court in the cases cited. Had the Legislature desired to enlarge the right of appeal it could easily have done so.

We think the case of *Montgomery Co. v. Walker,* 228 Md. 574, 578, is distinguishable. There a legal question as to the effect of a deadlocked Board was present, and we held that the rationale of the *McKinney* and *Roeder* cases was inapplicable.

*Appeal dismissed, with costs.*