## THE BOARD OF LIQUOR LICENSE COMMIS-
## SIONERS OF BALTIMORE CITY *v.*
## LEONE, ET AL.

[No. 216, September Term, 1967.]

*Decided March 8, 1968.*

The cause was argued before HAMMOND, C. J., and HOR-

NEY, MARBURY, BARNES, McWILLIAMS, FINAN and SINGLEY, JJ.

*Anthony M. Carey, Assistant Attorney General,* and *Jon F. Oster, Assistant Attorney General,* with whom was *Francis B. Burch, Attorney General* on the brief, for appellant.

*John Brockenbrough Fox,* with whom was *David A. Hyman* on the brief, for appellees.

SINGLEY, J., delivered the opinion of the Court.

The Board of Liquor License Commissioners of Baltimore City (the Board) is provided for by Maryland Code (1957) Art. 2B, § 148. The Board consists of three members appointed biennially by the Governor, with the advice and consent of the Senate. The chairman is designated by the Governor. § 155 (d) of the Act fixes the salaries of Board members and the chairman and authorizes the Board to appoint an executive secretary and fix his salary, subject to approval by the State Comptroller. § 63 (d) provides for the payment, by the Mayor and City Council of Baltimore, from license fees collected, of the salaries and expenses of the Board and its employees, as approved by the State Comptroller.

The Board is vested with authority to approve the issuance of licenses for the sale of alcoholic beverages (§ 60) ; to adopt rules and regulations limiting the number of licenses (§ 42) ; to renew licenses (§ 68) ; and to revoke and suspend them (§ 69). The Board is given "full power and authority to adopt such reasonable rules and regulations as [it] may deem necessary to enable [it] effectively to discharge the duties imposed upon [it] * * *." (§ 184 (a)). Failure of a licensee to comply with the rules or regulations of the Board makes revocation or suspension mandatory (§ 69).

On 23 June 1967, the Board adopted Rule 3 (e) :

> "No licensee, except the holder of a Class 'C' (Club) license, shall, directly or indirectly, refuse, withdraw from, or deny to any persons the services, accommodations, advantages, facilities and privileges offered on

said licensee's premises on the grounds of race, color, creed or national origin."

The appellees, duly licensed bar owners in Baltimore, on 28 June 1967, filed in the Baltimore City Court a petition for a declaratory judgment in which they challenged the validity of Rule 3 (e), assigning, among their reasons, the Board's failure to comply with the rule-and regulation-making provisions of the Administrative Procedure Act (the APA), Maryland Code (1965 Repl. Vol.), Art. 41, §§ 244-256. The Board moved to dismiss on the grounds that the Board was not a state agency to which the APA applied and that no justiciable controversy was presented. The lower court overruled the motion to dismiss, and on 20 July 1967, entered an order declaring that a justiciable controversy existed; that the Board was a state agency within the meaning of the APA; and that Rule 3 (e) was invalid in consequence of the failure of the Board to comply with the APA in the adoption of the rule.

The Board appealed, contending that the appellees' petition raised no justiciable controversy, and that the Board was not a state agency subject to the APA. This was the posture in which the case was presented to us in the briefs filed by the parties and in oral argument. Under our view of the case, we do not reach the appellant's contentions. Maryland Rule 835 permits this Court, on its own motion, to dismiss an appeal not allowed by law.[1]

In *Miles v. McKinney*, 174 Md. 551, 199 A. 540 (1938), the Board of Zoning Appeals of the City of Baltimore attempted to appeal from an order of the Baltimore City Court which had reversed an order of the Zoning Board. Judge Offutt, speaking for this Court, pointed out that the Zoning Board,

---

1. Rule 835. Dismissal of appeal
a. *By the Court*

\* \* \*

2. Any Other Cause.
This Court may, on its own motion, dismiss an appeal for any cause set forth in section b of this Rule.
b. *On Motion*

\* \* \*

(1) The appeal is not allowed by law \* \* \*.

which exercised quasi-judicial and quasi-legislative functions, "has no interest, personal or official, in the matters which come before it other than to decide them according to the law and the proved fact, and it is in no sense a party to such proceedings." 174 Md. at 561, 199 A. at 544.

After pointing out that certain boards and agencies, charged with the execution of public policy, are specifically charged by the legislature with the duty of participating in litigation affecting their decisions,[2] Judge Offutt continued, 174 Md. at 562, 199 A. at 545:

> "Apart from the legislative authority, it would seem clear that the Board has no more right to appeal from its own decisions to the Baltimore City Court, or, from the decisions of that court to the Court of Appeals, than a justice of the peace or such an agency as the State Industrial Accident Commission, would have to appeal from judgments of a court reversing their decisions."

*See*, Annotation of *McKinney*, 117 A.L.R. 216 and cases there cited; *Adler v. M. & C. C. of Baltimore*, 242 Md. 329, 219 A. 2d 22 (1966); *Nuova Realty Co. v. M. & C. C. of Baltimore*, 197 Md. 266, 78 A. 2d 765 (1951); *Roeder v. Brown*, 192 Md. 639, 65 A. 2d 333 (1949); *Knox v. M. & C. C. of Baltimore*, 180 Md. 88, 23 A. 2d 15 (1941).

The Board counters with the contention that *Liquor License Board v. Keswick*, 227 Md. 598, 177 A. 2d 869 (1962) would seem to lend support to the theory that it may appeal from an adverse decision of a lower court. The Board can gain neither comfort nor support from the *Keswick* case, where the appeal was dismissed for another and equally valid reason: *i.e.,* the absence of a variance required by Code (1957) Art. 2B, § 175 (f) for an appeal to lie to this Court. *Pearce v. Board of Liquor License Commrs.*, 228 Md. 515, 180 A. 2d 651 (1962); *Gianforte v. Board of License Commrs. for Baltimore City*, 190 Md. 492, 58 A. 2d 902 (1948).

---

2. *E.g.,* Public Service Commission, Code (1965 Repl. Vol.) Art. 78, §§ 90-93; State Department of Assessments and Taxation, Code (1965 Repl. Vol.) Art. 81, § 232 (13).

Now we turn to a consideration of the provisions of Code (1957, 1968 Replacement Vol.) Art. 2B, § 175 relating to appeals from the Board.[3] From a careful reading of the section, it is apparent that the legislative intent was to severely limit the

---

3. Appeals to courts.

(a) *Generally.*—The decision of the board of license commissioners for Baltimore City * * * in approving, suspending, revoking and restricting, or refusing to approve, suspend, revoke or restrict any license, or licensee, shall be subject to appeal in the following manner:

(b) *Who may appeal.*—Any licensee or applicant for a license, or any group of not less than ten persons who are residents or real estate owners in the precinct or voting district in which the licensed place of business is located or proposed to be located, may appeal therefrom * * * to the Baltimore City Court, upon payment of all costs incident to the hearing before the local board or local licensing official.

(c) *Stay of local board's order.*—Upon the filing of an appeal, the local borad may stay its order until the final determination thereof.

\* \* \*

(e) *Scope of appeal.*—(1) (i) Upon the hearing of such appeal, the action of the local board shall be presumed by the court to be proper and to best serve the public interest. The burden of proof shall be upon the petitioner to show that the decision complained of was against the public interest and that the local board's discretion in rendering its decision was not honestly and fairly exercised, or that such decision was arbitrary, or procured by fraud, or unsupported by any substantial evidence, or was unreasonable, or that such decision was beyond the powers of the board, and was illegal. The case shall be heard by the court without the intervention of a jury. If in the opinion of the court it is impracticable to determine the question presented to the court, in the case on appeal, without the hearing of additional evidence, or if in the opinion of the court any qualified litigant has been deprived of the opportunity to offer evidence, or if the interests of justice otherwise require that further evidence should be taken, the court may hear such additional testimony to such extent and in such manner as may be necessary.

\* \* \*

(2) In such actions of appeal the local board or the local li-

right of appeal.[4] The action of the Board restricting a license or licensee may be appealed by the licensee to the Baltimore City Court. There is a presumption that the Board's action was proper and in the public interest, and the petitioner has the burden of proving that it was otherwise. The decision of the court is final, and no further appeal lies to this Court, except under the limited conditions described in subsection (f). Nowhere is there an intimation that an appeal by the Board to this

---

censing official involved may be represented by some qualified attorney designated for such service by said board or official.

(3) The failure of the court to determine an appeal within a period of 30 days after the record has been filed in court by the local board as above provided, shall constitute an automatic affirmance of the local board's decision, unless the time has been extended by the court for good cause shown.

(4) (i) If the court reverses the action of the local board it shall file with the papers a written statement of the reasons therefor. The court may modify, as well as affirm or reverse, the action of the local board. Costs shall be awarded as in other civil cases.

\* \* \*

(f) *Finality of appeal.*—The decision of the court thus given shall be final and effective at once. No further appeal shall lie to the Court of Appeals of the State, nor shall there be any other remedy by which the local board's decision may be reviewed in court, either by way of mandamus, injunction, certiorari or otherwise. However, if any judge of the circuit court of any county, or the Baltimore City Court, shall in any case finally decide a point of law at variance with any decision previously rendered by any other judge of the State on the same question, an appeal may be taken from the decision rendered to the Court of Appeals of Maryland. Any such appeal shall not stay the action of the lower court. The Court of Appeals shall only decide the question of law involved in such an appeal and shall not pass upon any question of fact.

4. The legislature, of course, cannot deny the right of judicial review where there has been illegal or unconstitutional administrative action. Heaps v. Cobb, 185 Md. 372, 379, 45 A. 2d 73 (1945); Cohen, *Some Aspects of Maryland Administrative Law*, 24 Md. L. Rev. 1, 36 (1964).

Court will lie, and this conclusion is strengthened by the grant of authority in subsection (e) (2) authorizing the Board to be represented in the hearing in the lower court. Had the legislature intended to permit the Board to appeal from a reversal of its own decision, we are convinced it would have said so.

In the trial of the case below, and in the case before us, the Board vigorously argued that it was not subject to the provisions of the Administrative Procedure Act. Although a determination of this contention is not necessary to our decision in this case, the Board would have been in no better position before us had it attempted to invoke the APA. As Judge (later Chief Judge) Henderson, speaking for the Court, said in *Md. Pharmacy Board v. Peco,* 234 Md. 200, 202-03, 198 A. 2d 273 (1964) :

> "Code (1963 Supp.), Art. 43, sec. 268(d) provides for an appeal by any person to whom the Board has refused to issue a permit, or whose permit has been revoked, but it does not authorize any appeal by any other person. It is conceded, however, that the Board is an 'agency' as defined in Code (1963 Supp.), Art. 41, sec. 244 of the Administrative Procedure Act, and that the provisions of that Act are applicable. Sec. 255(a) provides: '*Right to review.*—Any party aggrieved by a final decision in a contested case, * * * is entitled to judicial review thereof under this subtitle.' Sec. 256 provides : 'An aggrieved party may secure a review of any final judgment of the circuit court by appeal to the Court of Appeals.' Code (1957), Art. 5, sec. 1 provides that '[a]ny party may appeal to the Court of Appeals from any final judgment or determination of a court of law in any civil suit or action, * * *.'

> "It is well settled that the provisions of Art. 5, sec. 1 do not apply to cases where the trial court exercises a special or limited jurisdiction conferred by statute. *Simpler v. State, Use of Boyd,* 223 Md. 456, 460, and cases cited. We are not here concerned with the

exception where the trial court exceeds its jurisdiction. *Bd. of Med. Examiners v. Steward,* 203 Md. 574, 580. We think it is clear that the trial court had jurisdiction and did not exceed its statutory authority in reaching its decision on the law and the facts. It is also well settled that in cases where the trial court's power to review depends upon a statute, we must look to the statute to determine who may appeal. The question, then, is whether the Board can be considered an 'aggrieved party.'

"The Board's function in acting upon an application for permit under the statute is quasi-judicial and not adversary. It is only a party in the circuit court for the purpose of producing the record (cf. sec. 255(d) and Maryland Rule B 7), or notifying the parties 'to the proceeding before it.' (Sec. 254 and Rule B2 d) Under sec. 255 (b) the trial court may 'permit other interested persons to intervene.' In *Zoning Appeals Board v. McKinney,* 174 Md. 551, 564, it was said: 'Since therefore the Board [of Zoning Appeals] is not a party to this proceeding, has no interest in it different from that which any judicial or quasi judicial agency would have, which is to decide the cases coming before it fairly and impartially, [it] is in no sense aggrieved by the decision of the Baltimore City Court, * * *.' See also *Mayor & C. C. of Balto. v. Shapiro,* 187 Md. 623 and *Roeder v. Brown,* 192 Md. 639. It may also be noted that the same phrase is used in sec. 255(a) and in that context it could not apply to the Board, for the Board could hardly be 'aggrieved' by its own decision. Moreover the Legislature, in using the phrase, presumably was well aware of its interpretation by this Court in the cases cited. Had the Legislature desired to enlarge the right of appeal it could easily have done so."

We are aware that in the field of administrative law, agencies may have duties which are quasi-legislative as well as quasi-judicial. This is a distinction which the APA recognizes by

setting up different procedures to be followed in the promulgation of rules and regulations on the one hand and the hearing of contested cases on the other.[5] *Compare* Code (1965 Repl. Vol.) Art. 41, §§ 245-50 *with* Code (1965 Repl. Vol.) Art. 41, §§ 251-56. We do not intend that this reference to the APA should be taken as a determination by us that the Board is included within the definition of an "agency" to which the APA is applicable. Code (1965 Repl. Vol.) Art. 41, § 244(a). However, if we assume, *arguendo,* that the Board, in promulgating rules and regulations, was subject to the APA, we find statutory warrant for an appeal to this Court *only* by an aggrieved party in a contested case. Code (1965 Repl. Vol.) Art. 41, § 256; *Md. Pharmacy Board v. Peco, supra.* Since the Act contains no specific provision relating to appellate review of rules and regulations, it can hardly be argued that a standard different from or less restrictive than that which governs contested cases could be implied.

We conclude that the Board's appeal was not allowed by law and should therefore be dismissed as provided in Maryland Rule 835.

*Appeal dismissed; costs to be paid by appellant.*

---

5. For definitions of "rule" and "contested case," see Maryland Code (1965 Repl. Vol.) Art. 41, §§ 244(b), (c).