## BOARD OF EXAMINERS OF LANDSCAPE ARCHITECTS *v.* McWILLIAMS

[No. 101, September Term, 1973.]

\* \* \*

## BOARD OF EXAMINERS OF LANDSCAPE ARCHITECTS *v.* ZUCKERMAN

[No. 135, September Term, 1973.]

*Decided November 29, 1973.*

The cause was argued before MURPHY, C. J., and BARNES, MCWILLIAMS, SINGLEY, SMITH, DIGGES and LEVINE, JJ.

*Earl G. Schaffer, Special Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Richard C. Rice, Assistant Attorney General,* on the brief, for appellant.

*Jonathan A. Azrael,* with whom were *Azrael & Gann* on the brief, for appellees.

SMITH, J., delivered the opinion of the Court.

This case is highly unusual in that we are treated to the spectacle of a charge by one State agency that another State agency is arbitrarily abusing its power, rather than the usual complaint of a citizen that a State agency is guilty of arbitrary and capricious conduct. We shall affirm the separate decisions of two trial judges who held that appellant, Maryland Board of Examiners of Landscape Architects (the Board of Landscape Architects), did not have standing to appeal from a decision of the board of review of the Department of Natural Resources.

John E. McWilliams and Morris C. Zuckerman, appellees here, each applied to the Board of Landscape Architects under Code (1957, 1972 Repl. Vol.) Art. 56, § 275 (a) for a license "to practice landscape architecture." They requested that board to "waive the examination requirements and accept in lieu thereof satisfactory evidence that [each] applicant [was] professionally competent to practice landscape architecture," claiming that each had "at least four years experience in the practice of landscape

architecture prior to submitting the application." The statute authorized such waiver in the event Messrs. McWilliams and Zuckerman were able to substantiate their claims. The Board of Landscape Architects ruled that neither individual had the requisite experience. Each applicant then appealed to the board of review of the Department of Natural Resources (the Board of Review) created by Chapter 154 of the Acts of 1969. The Board of Landscape Architects is a part of the Department of Natural Resources.

Provision for appeal to the Board of Review is found in Code (1957, 1971 Repl. Vol.) Art. 41, § 237. It states that "[t]he decision of the board [of review] shall be the final agency decision for purposes of judicial review of § 255 of [that] article or for purposes of any other provisions of law permitting appeals to the courts from decisions of agencies included within the Department of Natural Resources." It further provides that appeals from decisions of the Board of Review should be "as prescribed in the Administrative Procedure Act or by the substantive law applying to the commission, department, board or other instrumentality whose decision is being appealed." Section 255 is a part of the latter act. No provision for appeal is made in the law applicable to the Board of Landscape Architects. Therefore, in this instance the right of appeal is limited by the provisions for appeal in the Administrative Procedure Act.

The Board of Review reversed the action of the Board of Landscape Architects pertaining to both men. Appeals were then filed by the latter board to the Circuit Court for Montgomery County and the Circuit Court for Anne Arundel County. In each instance a demurrer to the petition for appeal was sustained on the ground that the Board of Landscape Architects was without standing to appeal, citing *Md. Pharmacy Board v. Peco*, 234 Md. 200, 198 A. 2d 273 (1964).

In *Peco* the Board of Pharmacy denied an application for a permit to establish a pharmacy. The circuit court reversed. That board appealed to us. Judge Henderson pointed out for the Court in *Peco* that the right of review granted in § 255

(a) is to "[a]ny party aggrieved by a final decision in a contested case . . . ." The Court held the Board of Pharmacy was not an "aggrieved party" within the meaning of § 256 applicable to appeals to us from adverse decisions of the circuit courts and, therefore, had no standing to appeal. Consequently, the appeal was dismissed. The Court said there:

> "The Board's function in acting upon an application for permit under the statute is quasi-judicial and not adversary. It is only a party in the circuit court for the purpose of producing the record (cf. sec. 255 (d) and Maryland Rule B7), or notifying the parties 'to the proceeding before it.' (Sec. 254 and Rule B2 d) Under sec. 255 (b) the trial court may 'permit other interested persons to intervene.' In *Zoning Appeals Board v. McKinney*, 174 Md. 551, 564, it was said: 'Since therefore the Board [of Zoning Appeals] is not a party to this proceeding, has no interest in it different from that which any judicial or quasi-judicial agency would have, which is to decide the cases coming before it fairly and impartially, [it] is in no sense aggrieved by the decision of the Baltimore City Court, . . . .' See also *Mayor & C. C. of Balto. v. Shapiro*, 187 Md. 623 and *Roeder v. Brown*, 192 Md. 639. It may also be noted that the same phrase is used in sec. 255 (a) and in that context it could not apply to the Board, for the Board could hardly be 'aggrieved' by its own decision. Moreover the Legislature, in using the phrase, presumably was well aware of its interpretation by this Court in the cases cited. Had the Legislature desired to enlarge the right of appeal it could easily have done so." *Id.* at 202-03.

*Peco* is controlling here. The holding in *Peco* is in accordance with the rule elsewhere. *See* 4 Am. Jur. 2d *Appeal and Error* § 234 (1962), and 4 C.J.S. *Appeal and Error* § 205, at 608 (1957), both citing *Zoning Appeals Board v. McKinney*, 174 Md. 551, 199 A. 540, 117 A.L.R. 207 (1938);

In Re Estate of Webb, 269 A. 2d 413 (Del. Ch. 1970), aff'd 276 A. 2d 457 (Del. 1971); and Annot., Appeal By Public Officer or Board 117 A.L.R. 216 (1938).

We have continued this line of reasoning. See, e.g., Real Estate Comm'n v. Tyler, 268 Md. 641, 642, 303 A. 2d 778 (1973); Insurance Comm'r v. Allstate Ins., 268 Md. 428, 444, 302 A. 2d 200 (1973); Board of Zoning Appeals v. Guns, 259 Md. 368, 269 A. 2d 833 (1970); Subsequent Injury Fund v. Pack, 250 Md. 306, 310, 242 A. 2d 506 (1968); and Liquor License Board v. Leone, 249 Md. 263, 239 A. 2d 82 (1968). The General Assembly is presumed to be acquainted with our decisions and to have acted accordingly. Director v. Cash, 269 Md. 331, 345, 305 A. 2d 833 (1973); Perdue Foods v. State Department of Assessments and Taxation, 264 Md. 672, 689, 288 A. 2d 170 (1972); Macke Co. v. State Department of Assessments and Taxation, 264 Md. 121, 132-33, 285 A. 2d 593 (1972); Stack v. Marney, 252 Md. 43, 49, 248 A. 2d 880 (1969); Giant Food, et al. v. Gooch, 245 Md. 160, 165, 225 A. 2d 431 (1967); and St. Joseph Hospital v. Quinn, 241 Md. 371, 379, 216 A. 2d 732, 25 A.L.R.3d 849 (1966). Cf. Allers v. Tittsworth, 269 Md. 677, 309 A. 2d 476 (1973). As Judge Henderson said in Peco, "[h]ad the Legislature desired to enlarge the right of appeal it could easily have done so." As a matter of fact, by Chapter 449 of the Acts of 1972 the General Assembly added § 256A to Art. 41 providing that for purposes of the Administrative Procedure Act "the political subdivisions of this State and their agencies and instrumentalities have the status of an interested person, petitioner, or party, as the case may be, in all matters including appeals." This constituted an enlargement of the right of appeal, but not an enlargement of sufficient scope to grant the right of appeal here. Therefore, we must affirm the orders of the trial courts.

Orders affirmed; appellant to pay the costs.