## BOARD OF LICENSE COMMISSIONERS FOR PRINCE GEORGE'S COUNTY *v.* R. N. & W. CORPORATION ET AL.

[No. 510, September Term, 1973.]

*Decided February 20, 1974.*

The cause was argued before THOMPSON, GILBERT and MENCHINE, JJ.

*John M. McLoughlin* for appellant.

*Donald P. McLaughlin* for appellees.

GILBERT, J., delivered the opinion of the Court.

The Board of License Commissioners for Prince George's County, Maryland (Board) promulgated, after a public hearing, its Rule No. 28, effective July 1, 1973. The Rule provides:

> "No licensee, his agent or employee shall sell any alcoholic beverage from a Drive-In Window from 10:00 P.M. each day until 6:00 A.M. the day following."

R. N. & W. Corporation, one of the appellees, and the holder of a Class B license, together with the other appellee, Mel's Liquors, Inc., a Class A licensee, filed a bill in equity to enjoin the Board's enforcement of the Rule. Both licensees

provide, for the convenience of their customers, drive-in windows through which alcoholic and non-alcoholic items are sold during regular business hours. These hours have been established by the legislature. Md. Ann. Code art. 2B, § 103(a) provides in pertinent part that in Prince George's County:

"... No holder of a Class A, beer, wine and liquor license or any agent, servant or employee of a holder of a Class A, beer, wine and liquor license shall be permitted to make any sale between the hours of 2:00 a.m. and 6:00 a.m. or on Sunday after 2:00 a.m."

The hours for sale by the holder of a Class B license are set forth in § 103(e). There it is said:

"In Prince George's County ... the holder of a beer, wine and liquor license, Class B, his agents, servants or employees shall not sell any alcoholic beverages for consumption off the licensed premises between the hours of 2:00 a.m. and 6:00 a.m. or on Sunday after 2:00 a.m. from any separate store established on the licensed premises as an 'off-sale store' or to keep said 'off-sale store' open for business during said hour. ..."

Judge Ralph W. Powers, of the Circuit Court for Prince George's County, following a hearing, issued a permanent injunction prohibiting the Board's enforcement of Rule 28 and declaring the Rule to be "null and void."

Discontented with the injunction and the thwarting of what it believed to be a "reasonable rule," the Board has appealed. Initially the appeal was filed in the Court of Appeals on August 14, 1973, but was transferred to this Court pursuant to Laws of 1973, ch. 56 and Md. Rule 814. The appellees have moved to dismiss the appeal under the provisions of Md. Rule 1035 b (1), *i.e.* "The appeal is not allowed by law ... "

As we see it the case of *Liquor License Board v. Leone,* 249 Md. 263, 239 A. 2d 82 (1968) mandates that the appellee's

motion to dismiss the appeal must be granted. In *Leone* the Board of Liquor License Commissioners of Baltimore City adopted a rule that stated:

> "No licensee, except the holder of a Class 'C' (Club) license, shall, directly or indirectly, refuse, withdraw from, or deny to any persons the services, accommodations, advantages, facilities and privileges offered on said licensee's premises on the grounds of race, color, creed or national origin."

Leone *et al.* filed a petition for a declaratory judgment in the Baltimore City Court in which they asserted that the rule was invalid because the Board had not complied with the requirements of the Administrative Procedure Act, Md. Ann. Code art. 41, § 244-256. The trial judge found that the Board had failed to comply with the Act and declared the rule to be invalid. The Board then appealed to the Court of Appeals of Maryland. Judge Singley, writing for the Court, said at 268-269:

> "Nowhere [in Md. Ann. Code art. 2B, § 175 (Appeals)] is there an intimation that an appeal by the Board to this Court will lie, and this conclusion is strengthened by the grant of authority in subsection (e) (2) authorizing the Board to be represented in the hearing in the lower court. Had the legislature intended to permit the Board to appeal from a reversal of its own decision, we are convinced it would have said so."

We observe that the legislature has met at least annually (Maryland Constitution, Art. III, § 14) in the City of Annapolis since the decision in *Leone, supra,* but it has not amended the statute so as to confer upon the Board the right to appeal.

We further note that Md. Ann. Code art. 2B, § 175 (f) provides:

> *"Finality of appeal.* — The decision of the [trial] court thus given shall be final and effective at once. No further appeal shall lie to the Court of Appeals

of the State, nor shall there be any other remedy by which the local board's decision may be reviewed in court, either by way of mandamus, injunction, certiorari or otherwise. However, if any judge of the Circuit Court of any county, or the Baltimore City Court, shall in any case finally decide a point of law at variance with any decision previously rendered by any other judge of the State on the same question, an appeal may be taken from the decision rendered to the Court of Appeals of Maryland. Any such appeal shall not stay the action of the lower court. The Court of Appeals shall only decide the question of law involved in such an appeal and shall not pass upon any question of fact."

It appears that the Court of Appeals, in *Leone, supra*, has construed the phrase "local board's decision" to include a rule or regulation, adopted by the board, governing the conduct of licensees.

In the instant case the Board argues that Md. Ann. Code art. 2B, § 175 (f) proscribes appeals to the Court of Appeals, but it does not prohibit the Board's right to appeal to this Court. We disagree. Md. Ann. Code art. 5, § 5B [Appeals] states:

" The purpose of this subtitle [subheading] is to allocate appellate jurisdiction between the Court of Appeals and the Court of Special Appeals. Except as expressly provided in this subtitle [subheading], *nothing in this subtitle [subheading] creates or abrogates a right to appeal or otherwise invokes appellate jurisdiction granted by the laws of this State.* " (Emphasis supplied).[1]

The transfer of jurisdiction to this Court of the causes of action specified in Md. Ann. Code art. 5, § 5C(b) does not confer upon a litigant a right to appeal where no right to

---

1. Effective January 1, 1974 this section has been codified as Maryland Code, Courts and Judicial Proceedings Article § 12-306.

appeal theretofore existed. As we read Md. Ann. Code art. 2B, § 175(f), in the light of Md. Ann. Code art. 5, § 5B, a litigant, absent the special circumstances stated in § 175(f), who had no right to appeal to the Court of Appeals prior to the enactment of Laws of 1973, ch. 56, § 2 (art. 5, § 5B), has no right to appeal to this Court.

We think the rationale of *Liquor License Board v. Leone, supra,* to be controlling even though the action in this case was commenced by way of a request for injunctive relief as distinguished from a petition for a declaratory judgment. We are cognizant that Maryland Code, Courts and Judicial Proceedings Article § 12-303 (c) (1), effective January 1, 1974, authorizes appeals of any interlocutory order "[g]ranting or dissolving an injunction" provided the appellant "has first filed his answer to the cause." This subsection of the new Code is essentially the same as the erstwhile Md. Ann. Code art. 5, §§ 7, 8A. Any changes therein made were stylistic only.

Md. Ann. Code art. 2B, § 175(f) provides in part:

"No further appeal shall lie to the Court of [Special] Appeals of the State, nor shall there be any other remedy by which the local board's decision may be reviewed in court, either by way of mandamus, injunction, certiorari or otherwise."

Notwithstanding that Courts Article § 12-303 was enacted subsequent to Md. Ann. Code art. 2B, § 175(f), we think the legislative intent to be clear. The Board may not appeal to this Court. Consequently we view the Bill of Complaint for an injunction, *vis-a-vis* a petition for declaratory judgment, for the purposes of this case, to be a distinction without a difference.

*Appeal dismissed.*
*Costs to be paid by appellant.*