EMPLOYMENT SECURITY ADMINISTRATION, BOARD
OF APPEALS *v.* CARRIE SMITH

[No. 77, September Term, 1977.]

*Decided April 4, 1978.*

The cause was argued before MURPHY, C. J., and SMITH,
DIGGES, LEVINE, ELDRIDGE, ORTH and COLE, JJ.

*Joel J. Rabin, Assistant Attorney General,* with whom were
*Francis B. Burch, Attorney General,* and *Lois F. Lapidus,
Assistant Attorney General,* on the brief, for appellant.

*Daniel P. Sheridan* and *Thomas A. Rymer,* with whom were
*Rymer & Sheridan* on the brief, for appellee.

ELDRIDGE, J., delivered the opinion of the Court.

This is an action to review the termination of unemployment benefits.

In September 1975, the claimant, Carrie Smith, lost her job in the kitchen of a nursing home in the town of Prince Frederick, in Calvert County, Maryland. The claimant, a resident of Prince Frederick, filed a claim for unemployment insurance with the Employment Security Administration of the Department of Human Resources, and she began receiving benefits under the Unemployment Insurance Law, Maryland Code (1957, 1969 Repl. Vol., 1977 Cum. Supp.), Art. 95A, §§ 1-23. In March 1976, benefits to the claimant were suspended as a result of the decision by a claims examiner that the claimant was no longer eligible for benefits. The examiner determined that the claimant was no longer "available" for work as required by Art. 95A, § 4 (c), of the Unemployment Insurance Law.

Claimant appealed the decision of the claims examiner, and an administrative hearing was held before a hearing officer of the Employment Security Administration. The claimant introduced a list of some 35 different businesses in the Prince Frederick area which she had personally contacted in hopes of securing employment. She also testified to other work-seeking activities. The hearing officer, in his findings of fact, stated:

> "On April 27, 1976, the claimant gave the Claims Examiner a statement to the effect that she is primarily looking for work in the Prince Frederick area because she doesn't have any transportation. The claimant stated that she had called other areas by phone and only on one occasion had the landlady driven her to another area Huntingtown approximately ten miles north for her to look for work. The claimant contended that should [she] obtain ... a job she would get transportation."

The claimant did not herself own a car, nor was public transportation available, but claimant testified that her

landlady had agreed to provide her with transportation if necessary. The hearing officer upheld the decision of the claims examiner, stating:

"The evidence discloses that the claimant's work seeking activities in her local Prince Frederick area with phone calls to other areas and one trip to an adjacent area are insufficient to meet the requirements of the law."

The claimant petitioned for a review of the hearing officer's decision by the Board of Appeals of the Employment Security Administration. The Board, after reviewing the record, denied the petition.

The claimant then appealed to the Circuit Court for Calvert County for review of the Board's decision. The circuit court (Bowen, J.) reversed the decision of the Board, concluding that, although the facts found by the hearing examiner were correct, they did not support the conclusion that the claimant was not available for work. The Board took an appeal to the Court of Special Appeals. Prior to any proceeding in that court, the Board petitioned this Court for a writ of certiorari, which we granted.

## (1)

Preliminarily, the claimant argues that the Board has no authority to seek review of the circuit court's decision.

It is established in Maryland that an administrative agency acting in a quasi-judicial capacity cannot take an appeal when one of its decisions is reversed by a circuit court, unless the authority to appeal to a higher court is provided by law. The justification for this view, as set forth in *Zoning Appeals Board v. McKinney,* 174 Md. 551, 560-562, 199 A. 540 (1938), is rooted in the nature of an agency performing solely quasi-judicial functions:

"From these statutory provisions it is apparent that the Board is a type of those administrative agencies which necessarily play so large a part in the operation of government under modern conditions,

the function of which is to ascertain and determine ultimate facts upon which the legislative will is to operate. Such a function involves the exercise of discretion, and judgment, and is in its nature judicial. It grants or withholds highly valuable privileges accordingly as it from evidence finds the existence of facts which justify one course or the other. It has no executive duties, it formulates no policies, its function is merely to find facts, to apply to those facts rules of law prescribed by the Legislature, and to announce the result. It has no interest, personal or official, in the matters which come before it other than to decide them according to the law and the proved fact, and it is in no sense a party to such proceedings.

\* \* \*

" . . . [T]he Board has no more right to appeal from its own decisions to the Baltimore City Court, or, from the decisions of that court to the Court of Appeals, than a justice of the peace, or such an agency as the State Industrial Accident Commission, would have to appeal from the judgments of a court reversing their decisions."

*See Board of Examiners of Landscape Architects v. McWilliams,* 270 Md. 383, 311 A. 2d 792 (1973); *Subsequent Injury Fund v. Pack,* 250 Md. 306, 242 A. 2d 506 (1968); *Liquor License Board v. Leone,* 249 Md. 263, 239 A. 2d 82 (1968); *Maryland Pharmacy Board v. Peco,* 234 Md. 200, 198 A. 2d 273 (1964); *Roeder v. Brown,* 192 Md. 639, 65 A. 2d 333 (1949); *State Tax Commission v. Western Maryland Railway Co.,* 188 Md. 240, 52 A. 2d 615 (1947). *See also* Code (1974), § 12-302 (a) of the Courts and Judicial Proceedings Article, and the Revisor's Note appended thereto.

The Board of Appeals conceded in argument before us that it is a quasi-judicial agency, and that, therefore, the principle of the *McKinney* case is applicable to it. The Board argues, however, that the General Assembly has given it statutory

authority to seek review of circuit court decisions overturning Board determinations. We agree.

The Unemployment Insurance Law addresses the question of judicial review in Art. 95A, § 7 (h):

"Any party aggrieved by a decision of the Board of Appeals may secure judicial review thereof by appeal to the circuit court of the county or the Superior Court of Baltimore City, as the case may be. The Board of Appeals may in its discretion, certify to such court questions of law involved in any decision by it. In any judicial proceeding under this section, the findings of the Board of Appeals as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law. Such actions, and the questions so certified, shall be heard in a summary manner and shall be given precedence over all other civil cases except cases arising under the Workmen's Compensation Law of this State. *An appeal may be taken from the decision of the circuit court* of the county, or the Superior Court of Baltimore City, *to the Court of Special Appeals in the same manner, but not inconsistent with the provisions of this article, as is provided in civil cases.* It shall not be necessary, in any judicial proceeding under this section, to enter exceptions to the rulings of the Board of Appeals and no bond shall be required for entering such appeal. Upon the final determination of such judicial proceeding, the Board of Appeals shall enter an order in accordance with such determination. *The Board of Appeals may be a party to any judicial action involving any such decision,* and may be represented in any such judicial action by the Attorney General or by any qualified attorney who is a regular salaried employee of the Board of Appeals, and has been designated by it for that purpose, upon the recommendation of the Attorney General." (Emphasis supplied.)

By providing for appeals to be taken from the circuit court to the Court of Special Appeals in the same manner as in civil cases, and *then* providing that the "Board of Appeals may be a party to *any* judicial action," the Legislature clearly contemplated that the Board would have the full right of a party, including the right to take an appeal and be a party in the appellate "judicial action." We hold, therefore, that the Board of Appeals is entitled to appeal from the decision of the Circuit Court for Calvert County.

### (2)

Article 95A, § 7 (h), provides that the factual findings of the Board of Appeals, if supported by the evidence and in the absence of fraud, shall be conclusive upon the court in a judicial review proceeding. The Board of Appeals argues on this appeal that the circuit court improperly substituted its judgment for that of the Board. The claimant, on the other hand, maintains that the determination by the Board, that she was unavailable for work, was arbitrary, unreasonable and was not supported by the evidence, and that, therefore, the decision of the circuit court should be affirmed.

Section 4 (c) of Art. 95A, which requires claimants for unemployment insurance benefits to be "available for work," provides:

> "As used in this subsection, the term 'available for work' shall mean, among other things, that a claimant is actively seeking work."

We agree with the circuit court that the evidence failed to support the administrative finding that the claimant was not "actively seeking work."

The claimant testified that she had contacted 35 employers in the Prince Frederick area. In addition, she contacted several employers outside the Prince Frederick area. It is true that the majority of these contacts were made by telephone. The claimant testified, however, that she had arranged to have her landlady take her to prospective employers outside the immediate Prince Frederick area, but that the landlady had taken her on "just one here recently, because she [the

landlady] has had problems of her own." This testimony by the claimant was uncontradicted.

The record contains nothing to indicate that the claimant in any way limited her work-seeking activities. On the contrary, in light of the lack of public transportation in this area of the State, the claimant's situation, and the surrounding circumstances, it is clear that the claimant made active and reasonable efforts to secure employment. Consequently, the determination by the Board of Appeals that the claimant was "unavailable" was arbitrary and unsupported by the evidence, and the decision of the circuit court to overturn this determination was correct. *Cf. Rogers v. Radio Shack,* 271 Md. 126, 314 A. 2d 113 (1974).

*Judgment of the Circuit Court for Calvert County affirmed.*
*Petitioner to pay costs.*