MARYLAND BOARD OF REGISTRATION FOR
PROFESSIONAL ENGINEERS AND PRO-
FESSIONAL LAND SURVEYORS *v.*
JAMES O. ARMACOST, JR. ET AL.

[No. 84, September Term, 1978.]

*Decided November 20, 1979.*

354

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ORTH and DAVIDSON, JJ.

*Thomas E. Plank, Assistant Attorney General,* with whom were *Stephen H. Sachs, Attorney General,* and *Janis Ashman, Assistant Attorney General,* on the brief, for appellant.

*H. Russell Smouse,* with whom were *George F. Pappas, Arnold M. Weiner, Stephen D. Shawe, Paul F. Strain, James H. Cook* and *William S. Brucker* on the brief, for appellees.

DAVIDSON, J., delivered the opinion of the Court.

In 1976, the appellant, the Maryland Board of Registration for Professional Engineers and Professional Land Surveyors (Board), entered orders suspending the licenses of the appellees. The Circuit Court for Baltimore County reversed on the ground that the Board had violated Md. Code (1957, 1975 Repl. Vol.), Art. 75½, § 17(c) by failing to schedule hearings within six months of the date on which the charges against the appellees were filed.[1] The Court of Special Appeals dismissed the Board's appeal on the ground that the Board lacked standing. *See* Md. Rule 1035 b 1. We issued a writ of certiorari and shall affirm.

The question here is whether the Board has standing to appeal from a trial court's reversal of the Board's decision on a procedural matter. The resolution of this issue depends upon the Board's statutory authority.

Typically, administrative agencies perform quasi-judicial and quasi-legislative functions. *Department of Natural Resources v. Linchester Sand & Gravel Corp.,* 274 Md. 211, 220, 334 A.2d 514, 521 (1974). *See* 1 Davis, *Administrative Law Treatise* § 1.09 at 65 (1958). Generally, an administrative

---

1. Art. 75½, § 17(c) provides in pertinent part:

"All charges, unless dismissed . . . shall be set down for hearing . . . within a reasonable time, but not to exceed six months, after they shall have been preferred."

agency acting in a quasi-judicial capacity cannot appeal when one of its decisions is reversed by a court of competent jurisdiction unless the authority to appeal to a higher court is provided by law. When an administrative agency functions in this capacity, it is immaterial whether the issue involved relates to a matter of procedure or substance. In either event, absent statutory authority, it has no standing to appeal. *Employment Security Admin. v. Smith,* 282 Md. 267, 269-70, 383 A.2d 1108, 1110 (1978); *Board of Examiners of Landscape Architects v. McWilliams,* 270 Md. 383, 385-87, 311 A.2d 792, 794-95 (1973); *Maryland Bd. of Pharmacy v. Peco, Inc.,* 234 Md. 200, 202-03, 198 A.2d 273, 274 (1964); *Board of Zoning Appeals v. McKinney,* 174 Md. 551, 561-62, 199 A. 540, 544-45 (1938). *Cf., Board of Liquor License Comm'rs v. Leone,* 249 Md. 263, 265-68, 271, 239 A.2d 82, 84-87 (1968).[2]

Like many other administrative agencies, the Board in this case performs a variety of functions. When the Board, in a disciplinary action, suspends a license,[3] it performs a quasi-judicial function because it makes factual determinations and decides contested issues. *Peco,* 234 Md. at 202, 198 A.2d at 274. When it makes rules and adopts a code of ethics governing the practice of engineering and land

---

2. The Board's reliance on cases decided by this Court in which an administrative agency brought an appeal from a trial court's reversal of one of the agency's decisions is misplaced. *See, e.g.,* Maryland Bd. of Pharmacy v. Sav-a-Lot, Inc., 270 Md. 103, 311 A.2d 242 (1973); Montgomery County Bd. of Appeals v. Walker, 228 Md. 574, 180 A.2d 865 (1962); State Bd. of Registration for Professional Eng'rs & Land Surveyors v. Ruth, 223 Md. 428, 165 A.2d 145 (1960). In none of those cases, other than *Walker,* did the Court expressly decide the question of the agency's standing.

In *Walker,* a Board of Appeals was held to have standing to appeal a trial court's adverse decision on procedural questions. This case is unique, however, in that the procedural issues which became the subject matter of that appeal involved "the very integrity of the Board itself." [Walker, 228 Md. at 579, 180 A.2d at 867-68.]

3. Art. 75½, § 17(a) provides in pertinent part:

"The Board may reprimand, or suspend, revoke, or refuse to renew the certificate of registration of any registrant whom the Board finds:

"(1) Has practiced any fraud, deceit, or misrepresentation in obtaining a certificate of registration. . . ."

surveying,[4] or exercises its limited powers of enforcement,[5] it performs quasi-legislative functions. *Leone,* 249 Md. at 270-71, 239 A.2d at 87. When functioning in its quasi-judicial capacity, however, the Board can appeal only if authorized by statute. There is nothing in the nature of the functions performed by this Board which would justify a departure from the rule that it is the Legislature which determines when an agency should have a right to appeal in order to protect the public interest. *McKinney,* 174 Md. at 561, 199 A. at 545.

Article 75½, which established the Board, does not expressly provide it with a right of appeal. Nor does that Article authorize the Board to be a party to any and all legal proceedings. *Compare Smith,* 282 Md. at 271-72, 383 A.2d at 1111; *State Tax Comm'n v. Western Md. Ry. Co.,* 188 Md. 240, 245, 52 A.2d 615, 617 (1947). The limited enforcement powers set forth in §§ 8(d) and (e) cannot be construed to provide a right of appeal.

Article 75½, § 17(g), however, does provide that "any person aggrieved" by a final decision of the Board in denying, suspending, or refusing to renew a license may appeal. Similarly, the Administrative Procedure Act, Md. Code (1957, 1978 Repl. Vol.), Art. 41, § 255(a), provides that "any party

---

**4.** Art. 75½, § 8(a) provides in pertinent part:

"The Board has the power to adopt and amend bylaws and rules of procedure reasonably necessary for the proper performance of its duties. . . . The Board shall . . . adopt and promulgate a code of ethics for the practice of engineering and land surveying, in accordance with the procedures set forth in the Administrative Procedure Act. . . ."

**5.** Art. 75½, §§ 8(d) and (e) provide in pertinent part:

"(d) *Subpoenas.* — In carrying into effect the provisions of this article, the Board . . . may subpoena witnesses and compel their attendance and also may require the submission of books, papers, documents or other pertinent data, in any disciplinary matters, or in any case wherever a violation of this article is alleged. Upon failure or refusal to comply with any such order of the Board, or upon failure to honor its subpoena, as herein provided, the Board may apply to a court of any jurisdiction to enforce compliance with same.

"(e) *Enforcement of article by injunction.* — The Board is hereby authorized in the name of the State to apply for relief by injunction . . . to enforce the provisions of this article, or to restrain any violation thereof." (Emphasis in original.)

aggrieved" by a final decision in a contested case is entitled to judicial review. Article 41, § 256 provides that under that subtitle "an aggrieved party" may appeal to the Court of Special Appeals from a final judgment of a circuit court. None of these provisions authorizes any one other than an "aggrieved party" to appeal.

Here, because the Board was acting in a quasi-judicial capacity when it suspended the appellees' licenses in a disciplinary action, it is not an aggrieved party entitled to appeal under Art. 75½, § 17(g), or under Art. 41, §§ 255(a) or 256. *Peco,* 234 Md. at 203, 198 A.2d at 274; *McKinney,* 174 Md. at 562-64, 199 A. at 545-46. The fact that the issue determined by the Board, which became the subject matter of this appeal, involved a question of procedure rather than substance, does not alter the Board's status. *Leone,* 249 Md. at 271, 239 A.2d at 87.[6]

Under the present circumstances, the Board has no standing to appeal. Accordingly, we shall affirm. Md. Rule 835.

> *Judgment of the Court of Special Appeals affirmed.*
> *Costs to be paid by appellant.*

---

[6]. Montgomery County Bd. of Appeals v. Walker, relied upon by the Board, is inapposite. *See* n. 2.