525 A.2d 1051

MOTOR VEHICLE ADMINISTRATION

v.

Edward Craig LINDSAY

No. 82, Sept. Term, 1986.

Court of Appeals of Maryland.

June 2, 1987.

558

Edward R.K. Hargadon, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., Evelyn O. Cannon, Asst. Atty. Gen. and Frank W. Wilson, Sp. Atty., on the brief), Baltimore, for appellant.

John C. Monahan (Elizabeth M. Molloy and John C. Monahan, P.C., on the brief), Rockville, for appellee.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, COUCH,* McAULIFFE and ADKINS, JJ.

---

* COUCH, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

MURPHY, Chief Judge.

Following Edward Lindsay's conviction of driving a motor vehicle while intoxicated, the Motor Vehicle Administration (MVA) of the State Department of Transportation, after a hearing, suspended his driver's license for 90 days. Lindsay appealed to the Circuit Court for Montgomery County, naming the MVA as the defendant. In his order and petition for appeal, Lindsay claimed that MVA's refusal to grant him a restricted license for employment and alcohol counseling purposes was arbitrary and capricious. The circuit court (Ruben, J.) found the MVA's decision to be arbitrary and capricious and remanded the case to the agency with instructions to restrict the 90 day suspension to permit Lindsay "to drive for employment and/or alcohol or medical treatment purposes." We granted MVA's petition for certiorari to determine (1) whether Maryland Code (1984) § 12–305 of the Courts and Judicial Proceedings Article permitted such a petition by MVA and (2) if it did, whether the circuit court erred in overruling the agency's decision.

## I

Section 12–305 provides that

"[t]he Court of Appeals shall require by writ of certiorari that a decision be certified to it for review and determination in any case in which a circuit court has rendered a final judgment on appeal from the District Court *or has rendered a final judgment on appeal from an administrative decision under the Maryland Vehicle Law* if it appears to the Court of Appeals, upon petition of a party that:

(1) Review is necessary to secure uniformity of decision, as where the same statute has been construed differently by two or more judges;  or

(2) There are other special circumstances rendering it desirable and in the public interest that the decision be reviewed."  (Emphasis added)

The italicized language was added to § 12–305 by Chapter 364 of the Acts of 1985. Prior to the adoption of this amendment, judicial review of MVA decisions under the Maryland Vehicle Law was limited to the circuit court, unless an appeal to the Court of Special Appeals was specifically authorized. Code (1984 Repl.Vol), § 12–209(a) of the Transportation Article; Code (1984), § 10–216(a)(1) of the State Government Article.

The legislative history underlying the 1985 amendment to § 12–305, as reflected in the legislative committee files, discloses that by letter dated January 12, 1984, the Attorney General, on behalf of the MVA, sought the support of the Maryland Judicial Conference to permit MVA "to appeal Circuit Court rulings, deciding appeals from its decision to the Maryland Appellate Courts." The letter stated that restrictions in the existing law "foreclosed the MVA from appealing those few significant cases which involve constitutional and statutory questions and conflicts between the circuits therein, which demand resolution by the Appellate Courts." The Judicial Conference agreed to support MVA's efforts "to provide for appeals from MVA administrative hearings." Accordingly, it prepared the bill that was enacted as Chapter 364 of the Acts of 1985.

In urging the bill's passage, the MVA filed a written statement with the legislative committees stating that the bill "would permit a party to petition for a writ of certiorari to the Court of Appeals after a final judgment has been ordered by a Circuit Court on appeal from an administrative hearing under this Motor Vehicle Law." The MVA statement pointed out that then existing law did not permit "a party" to petition for certiorari "in a motor vehicle case" and that consequently "no right of appeal exists beyond the Circuit Court level." As a result, according to the MVA statement, there was no statewide uniformity in motor vehicle cases because decisions from different circuit courts "may be completely at odds because of lack of appellate review." In its favorable report on the bill, the Senate Judicial Proceedings Committee indicated that its intent was to require the Court of Appeals, upon petition by a party,

"to issue a writ of certiorari for review of final judgments by circuit courts of appeals from administrative decisions under the Maryland Vehicle Law."

## II

In enacting the 1985 amendment to § 12–305, we think it manifest that the legislature intended that the MVA would be a party defendant in appeals taken to the circuit court by persons aggrieved by an agency decision under the Maryland Vehicle Law; and that, in such circumstances, the MVA would be a "party" authorized to petition for certiorari within the contemplation of the statute. While no statute specifically denominates MVA as a party in the circuit court in such cases, the 1985 amendment was obviously designed to permit the agency to file a petition for certiorari in order to accomplish the legislative purpose of affording the MVA appellate review by this Court of adverse or conflicting circuit court judgments. Our conclusion here thus involves no departure from the rule that an administrative agency performing a quasi-judicial function ordinarily must have statutory authority to appeal circuit court reversals of its decisions. *E.g., Consumer Protection v. Consumer's Pub.,* 304 Md. 731, 742, 501 A.2d 48 (1985); *Maryland Board v. Armacost,* 286 Md. 353, 354–55, 407 A.2d 1148 (1979); *Employment Sec. Adm. v. Smith,* 282 Md. 267, 269, 383 A.2d 1108 (1978); *Md. Pharmacy Board v. Peco,* 234 Md. 200, 203, 198 A.2d 273 (1964).

---

**1.** Prior to the bill's enactment, the Attorney General offered an amendment to specify that the MVA was a party for purposes of petitioning for certiorari. The amendment was not adopted. Whether it was deemed unnecessary in light of the existing provisions of the proposed amendment is not disclosed by the legislative history. Nor is there any indication that the committee's rejection of the Attorney General's proffered amendment was based on a determination that the bill, in its original form, included or excluded the MVA as a party authorized to file a petition for certiorari.

## III

Title 16 of the Transportation Article regulates the issuance, suspension, and revocation of drivers' licenses.[2] Section 16–205(a)(1) authorizes the MVA to revoke an individual's license after a conviction for driving while intoxicated pursuant to § 21–902(a). Section 16–401 requires MVA to maintain a point system for the refusal, suspension, and revocation of licenses, and § 16–402(a)(24) requires the assessment of twelve points for a conviction under § 21–902(a). Section 16–404(a)(3)(ii) requires the MVA to revoke the license of an individual who accumulates twelve points unless § 16–405 applies. Under that section, the MVA hearing officer has the discretion to cancel or modify the revocation under certain circumstances.

Because Lindsay was convicted of driving while intoxicated and thus accumulated twelve points on his driving record, the MVA issued a notice of license revocation. After considering the evidence introduced and testimony given at the hearing, the hearing officer found

"[t]hat Mr. Lindsay has accumulated 12 points in less than two years—Did drive while intoxicated on 4/1/85. Second alcohol violation—9/17/82 and 4/1/85. Uses license to get back and forth to work—Sometimes drives at work. Eighth Administrative Hearing since 1976. Attends Alcohol Education Program—Montgomery County—court—attended Motor Vehicle Administration/Alcohol Education Program three years ago. States he is an alcoholic."

The hearing officer then decided to suspend Lindsay's license for ninety days and refused to grant his request for a restricted license.

Lindsay appealed the suspension to the Circuit Court for Montgomery County, as allowed by § 12–209(a). He argued that MVA's action was arbitrary and capricious be-

---

**2.** All subsequent statutory references are to the Transportation Article (1977, 1984 Repl. Vol. & Cum. Supp. 1986) unless otherwise noted.

cause the hearing officer refused to grant him a restricted license to permit him to drive to work and to alcohol education programs. The circuit court agreed and remanded the case to MVA for issuance of a restricted license. It reasoned that the hearing officer's refusal to grant the restricted license was arbitrary and capricious "because [MVA has] prevented this man who is going to be driving sooner or later from receiving the necessary treatment and rehabilitation that is necessary, not only for his benefit, but for the benefit of the community at large."

The MVA contends that the circuit court improperly substituted its judgment for that of the agency in contravention of well-settled principles of administrative law. We agree. Section 12–209(b) of the Transportation Article provides that the Administrative Procedure Act (APA), Code (1984 & Cum.Supp.1986) §§ 10–201 to –217 of the State Government Article, governs appeals from license suspensions and revocations. Section 10–215(g)(3) of the APA authorizes the circuit court to reverse or modify the agency decision

> "if any substantial right of the petitioner may have been prejudiced because a finding, conclusion, or decision of the agency:
> (i) is unconstitutional;
> (ii) exceeds the statutory authority or jurisdiction of the agency;
> (iii) results from an unlawful procedure;
> (iv) is affected by any other error of law;
> (v) is unsupported by competent, material, and substantial evidence in light of the entire record as submitted; or
> (vi) is arbitrary or capricious."

In reviewing the agency decision, which is deemed prima facie correct, the court must view it in the light most favorable to the agency. *Balto. Lutheran High Sch. v. Emp. Sec. Adm.*, 302 Md. 649, 662–63, 490 A.2d 701 (1985); *Bulluck v. Pelham Wood Apts.*, 283 Md. 505, 513, 390 A.2d

1119 (1978). The court must not substitute its judgment on the facts for that of the agency; rather, it determines whether a reasoning mind could have reached the agency's conclusion. *Lutheran High Sch., supra,* 302 Md. at 662, 490 A.2d 701; *Board of Educ. of P.G. Co. v. Waeldner,* 298 Md. 354, 363, 470 A.2d 332 (1984); *Barnett v. Md. St. Bd. of Dental Ex.,* 293 Md. 361, 370, 444 A.2d 1013 (1982).

■ In this case, the MVA could have revoked Lindsay's license based on his driving record. §§ 16–205(a)(1); 16–206(a)(1)(i), (ii); 16–404(a)(3)(ii). The hearing officer decided to exercise the discretion allowed by § 16–405(a) and suspend Lindsay's license for a relatively brief period. Manifestly, the agency decision was not arbitrary or capricious when, as here, the record contains substantial evidence supporting its determination. Obviously, the hearing officer was not obligated to issue a restricted license for employment or alcohol treatment purposes. We thus reverse the circuit court's order and remand the case for affirmance of the agency's decision to suspend Lindsay's license for ninety days.

JUDGMENT OF THE CIRCUIT COURT FOR MONTGOMERY COUNTY REVERSED; CASE REMANDED TO THAT COURT FOR ENTRY OF JUDGMENT AFFIRMING THE AGENCY DETERMINATION; COSTS TO BE PAID BY APPELLEE.